No. 6058.

## J. B. GATHRIGHT v. C. M. WHEAT.

1. LIMITATION.—NEW PROMISE.—See statement of case for a letter which
was held not to contain such an acknowledgment of indebtedness,
and such new promise as would remove the bar of the statute of limita-
tion.

2. PLEADING.—The defense of limitation must be specially pleaded though
this may be done by special exception when the bar of limitation is
disclosed by the petition. When limitation is pleaded and a new prom-
ise is set up, the recover, if limitation has run against the original
cause of action, must be on the new promise.

8. SAME—LIMITATION.—If the plaintiff suing on a note apparently barred
by limitation, sets up also a new promise, he may recover on the origi-
nal cause of action unless limitation is specially pleaded by the defend-
ant.

APPEAL from Dallas. Tried below before the Hon. George
N. Aldridge.

The allegations in the amended petition in regard to the let-
ter from the defendant, and the letter itself copied in the plea,
are as follows, viz: "Afterwards, to wit, on the twenty-sev-
enth day of March, 1885, the defendant, in answer to a letter
written by said Dabrelle to him, containing a demand in writ-
ing for said money, and bearing date February 10, 1885, ac-
knowledged in writing the justness of said debt and thereby
became liable and promised to pay same. Said acknowledgment
was in words and substance as follows, to wit:

DALLAS, TEXAS, March 27, 1885.

*Mr. S. Dabrelle:*

MY DEAR SIR—Yours of February 10 came to hand and
should have been answered sooner, and would have been, but
for that which has proved, at least in one sense to me, a curse
to me; I mean hope. I have been encouraged to believe that I
would get enough to relieve me of every obligation on earth
from a certain source, and from this source not one cent have
I had, and to-day I am sadly discouraged as to my ever getting
more than a mere pittance, as I understand that litigation and

costs have almost consumed all.   I am here, and considerably behind, and about only one prospect, and that is to sell my house, which I am endeavoring to do to relieve myself of pressing embarrassments.   You have not been treated as I would want one to treat me, but my only excuse is positive inability to have done otherwise.   I trust you may never be called on to suffer what I have.                     Respectfully,

C. M. WHEAT.

The suit was brought December 10, 1885.

*M. G. Storman,* for appellant: Limitation can be taken advantage of only by special plea or special exception.   (Rev. Stats., page 466, section 3220; Alston v. Richardson, 51 Texas, 1; Hopkins v. Wright, 17 Texas, 30; Dickinson v. Lott, 29 Texas, 172; Sasser v. Davis, 27 Texas, 656; Sayles's Pleading, sec. 83, note.)

No briefs for appellee have reached the Reporter.

GAINES, ASSOCIATE JUSTICE.   This suit was brought by appellant against appellee on a promissory note for one thousand two hundred and thirteen dollars and thirty cents, made by appellee on the twenty-sixth day of October, 1867, and payable one day after date, to one Samuel Dabrelle.   The petition alleged the execution and delivery of the note to Dabrelle, and the transfer of the same to plaintiff, and also averred that previous to the transfer the defendant had written a letter to Dabrelle, in which he acknowledged the justness of the debt, and promised to pay the same.   The letter is, however, set out in the amended petition, and speaks for itself.   It is dated a few months before the bringing of this action.   A general demurrer was sustained to the petition and plaintiff declining to amend further, the suit was dismissed.

We are of the opinion that the letter of the defendant to Dabrelle does not contain such an acknowledgment of the indebtedness, or such new promise as to remove the bar of the statute of limitations.   The most that can be said of it is that it does not deny that the defendant owes the debt, and does not express an unwillingness to pay.   It is calculated to leave the impression upon Dabrelle's mind, that the writer would pay if he were able, but it does not say this.   If it had been his pur-

pose to avoid committing himself by an acknowledgment or a new promise, he could hardly have expressed his hopes, his disappointments and regrets with more caution. For this rea son we are of opinion that the appellant's first assignment that "the court erred in holding that the acknowledgment set out in plaintiff's amended petition sufficient to take the claim out of the operation of the statute of limitations" not well taken.

But we think the court erred in sustaining defendant's general demurrer. The defense of limitations must be specially interposed. (Rev. Stats., art. 3220.) This may be done by special exception, when the bar is disclosed by the face of the petition. (Alston v. Richardson, 51 Texas, 1.)

If the plea of the statute be interposed to a cause of action which appears to be barred, the plaintiff must recover upon the new promise. (Coles v. Kelsey, 2 Texas, 541.) But if, anticipating the plea of limitation, he plead the original contract (as he must), as well as the new promise, we see no reason why he should not recover upon the original cause of action, if limitation be not in fact specially pleaded. Such is the doctrine substantially laid down in Dickinson v. Lott, 29 Texas, 172, which is a case similar to this in many respects. The amended petition contains all the averments necessary to enable the plaintiff to recover upon the promissory note, with an appropriate prayer for judgment upon it, and it should have been held good upon general demurrer. If it had been specially excepted to on the ground that the cause of action appeared to be barred by limitation, the exception should have been sustained.

We think it probable that the case was argued before the learned judge in the court below as if a special demurrer had been interposed, and that the point that the question could not be raised upon general demurrer was not made before him.

For the error of the court in sustaining the general demurrer, the judgment is reversed and the cause remanded.

*Reversed and remanded.*