## THE TAYLOR WATER COMPANY V. HENRY DILLARD.

### No. 1110.

1. **Surprise from Testimony of Witness.**—A party is not entitled to a new trial on the ground of surprise at testimony of a witness not summoned by him, and when it does not appear that he or his counsel was misled by the witness as to what would be his testimony.

2. **Limitation Pleaded by Exceptions.**—Where on face of petition the action appears to be barred by limitation, the defendant may interpose limitation as a defense by special exceptions. The defect can not be reached by a general demurrer.

3. **Joint Trespassers.**—Joint tort-feasors may be sued separately or jointly, at the pleasure of the injured party. In this case, suit for damages from personal injuries caused plaintiff by falling in the night-time into a ditch left unguarded in a public street, against the city of Taylor and the Taylor Water Company, it appeared that both the defendants were guilty of negligence, and were held liable by the trial court. Plaintiff, however, at the close of the testimony, waived judgment against the city, and judgment for damages was rendered against the water company. *Held*, that it could not complain, as it was shown to have been guilty of negligence by which the injury was caused.

APPEAL from Williamson. Tried below before Hon. F. G. MORRIS.

*Brooks & John,* for appellant.

*Makemson, Fisher & Robertson* and *W. F. Robertson,* for appellee.

KEY, ASSOCIATE JUSTICE.—The statement of the nature and result of this suit contained in appellant's brief is as follows: This suit was brought by Henry Dillard, as plaintiff, in the District Court of Williamson County, on December 19, 1890, against the city of Taylor, as defendant, for the sum of $5000 damages alleged to have been sustained by him from a fall from a wagon in the city of Taylor, on October 28, 1890, said fall and injuries sustained alleged to have been caused by the city of Taylor's negligently opening and permitting to remain open and unbridged a ditch in said city, into which plaintiff, in ignorance of its existence, drove his wagon in the night-time, and was thrown therefrom and injured. The defendant, city of Taylor, answered by exceptions and general denial, on January 5, 1891, and the case was continued until the July Term, 1891. The defendant, city of Taylor, on June 22, 1892, filed her first amended original answer, which consisted of a general and several special exceptions to plaintiff's petition, a general denial, and specially impleaded the Taylor Water Company, and asked for citation for said water company, alleging practically the facts alleged in her second amended original answer, that is, that said ditch was dug by the Taylor Water Company for its own use, and setting up a contract between the city of Taylor and the Taylor Water Company, by which the former granted the latter the exclusive privilege of opening and operating a system of waterworks in said city for a term of fifty years, for certain considerations therein

stated, and said water company contracting to hold the city harmless against all injuries to persons or property caused by said company's negligence in opening and operating said works. The Taylor Water Company was cited to answer the cross-action of the city of Taylor, and on the 10th of July, 1892, answered by general and special exceptions, and general denial and special defenses. The case was then continued from term to term until the special term of said court, in June, 1893, which expired on July 1, 1893. The case was called for trial on June 29, 1893, when the plaintiff filed his second amended original petition, alleging the negligent construction of said ditch, and negligence in failure to bridge same by the city of Taylor; and a second count, alleging the same to have been done by the Taylor Water Company; and a third count, charging them jointly with the construction of said ditch, and asking for citation and judgment against both of said defendants. The defendant city of Taylor at the same time filed her second amended original petition, setting up various exceptions, general denial, special plea of contributory negligence on the part of plaintiff, and the liability of the Taylor Water Company for said injury, if recovery be had against said city of Taylor. The Taylor Water Company answered by motion to strike out plaintiff's plea, and adopting its codefendant's answer in its second amended original answer in so far as it applied to plaintiff. Trial by court and judgment for plaintiff for $2000 damage against the Taylor Water Company, and for defendant city of Taylor against plaintiff. Motion for a new trial was overruled, and the defendant, the Taylor Water Company, prosecutes this appeal.

According to our understanding of the testimony, the first finding of fact by the trial court is not accurate in so far as it states that the ditch in question was dug by the Taylor Water Company under the direction of the street commissioner of the city of Taylor. Without conflict, the testimony shows that the Taylor Water Company employed H. B. Seiders, who was street commissioner of the city of Taylor, to dig the ditch; that Seiders had it dug by one of his employes, and that the water company paid Seiders for making the ditch. The testimony does not show that the ditch was dug for the city of Taylor, nor that Seiders was acting officially in having it dug.

With this qualification, we approve and adopt the findings of the court below. We also find affirmatively, that in digging the ditch and leaving it exposed the defendant water company was guilty of negligence, and that the plaintiff's injuries resulted directly and proximately from such negligence.

*Opinion.*—1. No error was committed in overruling appellant's motion for a new trial. There is no bill of exception in the record showing that the court excluded the deposition of the witness C. P. Smith, and therefore the ruling, if made, can not be revised. That portion of the motion for new trial which charged that a conspiracy had been entered into between appellant's codefendant and the plaintiff,

whereby an undue advantage had been obtained, was made upon hear-say and belief, and was not followed up by evidence in support of the charge. Besides, the counter-affidavits of plaintiff's counsel warrant the conclusion that the charge was unfounded. Appellant was not entitled to a new trial on account of the alleged surprise at the evidence of the witness Lige Smith. He did not testify for, nor does it appear that he was summoned as a witness by, appellant, or that he had ever stated to appellant or its counsel that his testimony would be otherwise than as he gave it upon the witness stand. Some other person may have informed appellant that the witness would testify differently, yet by the exercise of proper diligence appellant might have ascertained from the witness himself that his testimony would be just as he gave it in court.

2. There was no error in overruling the demurrers to plaintiff's petition. It is true that, as against appellant, his cause of action was barred at the time he pleaded it against the appellant, but the defense of limitation was not raised by the demurrers. Limitation must be specially pleaded, and while, when a plaintiff's petition shows on its face that his cause of action is barred, limitation may be interposed by a special exception, it can not be done by a general demurrer. Gathright v. Wheat, 70 Texas, 740.

3. In view of the fact that no judgment was rendered against the city of Taylor, and no judgment over rendered in its behalf against the water company, we think the findings and conclusions of the trial court in reference to the contract between the city of Taylor and the water company are immaterial. The basis of the plaintiff's cause of action against the water company, as disclosed by his petition, and which finds support in the testimony, is the negligence of the water company in digging the ditch and leaving it exposed, and is not founded upon the contract between the city of Taylor and the water company.

4. There is no merit in the contention that, because the court found that the city of Taylor and the water company were jointly liable, a separate judgment could not be rendered against the latter. It is not necessary to cite authorities in support of the proposition that joint tort-feasors may be sued separately or jointly, at the pleasure of the injured party. The plaintiff in open court, after introducing his testimony, waived his right to recover against the city of Taylor, and therefore, notwithstanding the court's finding that the facts showed it to be liable, the court correctly rendered judgment in favor of the city of Taylor.

5. We can not concur in the contention that the judgment is excessive. The facts disclosed several elements of actual damage, some of which in the very nature of things can not be calculated with mathematical accuracy; and after carefully considering the testimony, we are not prepared to say that $2000 exceeds fair and reasonable compensation for the injuries sustained.

6. Nor can we say that the court erred in holding that plaintiff was not guilty of contributory negligence. He was traveling on a street in a city, where one does not ordinarily expect to find a ditch; he was not traveling fast; was sitting on his wagon, and no one testified that he was sitting at an unusual or extra hazardous place.

7. The question of jurisdiction presented by appellant's last assignment of error has been eliminated by an amendment of the record on appellee Dillard's motion for a writ of certiorari requiring the clerk below to send up additional papers necessary to a complete transcript.

No reversible error has been pointed out, and the judgment will be affirmed.

*Affirmed.*

Delivered February 20, 1895.

FISHER, Chief Justice, did not sit in this case.