ELIZABETH TRAINER v. J. A. SEYMOUR.

No. 893.

**Limitations—Written Acknowledgment to Take Debt Out of Operation of the Statute—Parol Evidence.**—In an action on a promissory note apparently barred by limitations, plaintiffs, to avoid such bar, offered in evidence letters from the defendant, in one of which he stated that he would "try to do something" for plaintiff soon, and hoped plaintiff would not push him, and in another that he would send some money as soon as he could—the letters not mentioning any note or specifying any debt due. Plaintiff also offered parol evidence to show that three payments credited on the note were made by defendant, and that the note was the only debt he owed her at the date of the letters. *Held*, that the letters did not contain a sufficient acknowledgment of the debt, or promise to pay it, and the parol evidence was not admissible to supply the essential facts not contained in them.

APPEAL from Colorado. Tried below before Hon. T. H. SPOONER.

*George McCormick*, for appellant.—Evidence shows that the debt sued on was not barred by statute of limitation, but that the promise had been renewed, and that the note sued on had been renewed by the defendant, and that he had acknowledged it and promised in writing to pay it within less than four years before the institution of this suit. Rev. Stats., art. 3219; Henry v. Roe & Burnside, 83 Texas, 446; Krueger v. Krueger, 76 Texas, 178; Smith v. Fly, 24 Texas, 353; McDonald v. Grey, 29 Texas, 80.

*Kennon & Adkins*, for appellee.—The court properly decided that neither of the letters offered in evidence contained any acknowledgment of the justice of any claim. Krueger v. Krueger, 76 Texas, 178; Henry v. Roe & Burnside, 83 Texas, 446; Windom v. Howard, 26 S. W. Rep., 483.

WILLIAMS, ASSOCIATE JUSTICE.—Appellant on June 20, 1894, sued for a balance due on a promissory note executed to her by appellee. The defense was limitations. The note was for $800, bore date January 22, 1885, was due one day after date, drew 12 per cent interest, and had the following indorsements upon its back:

"January 21st, credit cash $96. I hereby renew and confirm the within note and promise to pay same. Witness my hand this 20th day of December, 1888.        [Signed]   "J. A. SEYMOUR.

"December 30, 1890, paid $300.
"December 26, 1891, paid $150.
"December 15, 1892, paid $150."

In order to avoid limitation plaintiff set up certain letters signed by defendant by which she claimed that defendant had acknowledged the debt within four years before the institution of the action.

In support of these allegations she offered the following letters:

The first letter is dated October 17, 1891, and reads as follows: "Your letter received several days ago. In reply will say I hope you will be as easy as possible. Cotton is very low at present. Farmers are trying to hold for better prices. Will try to do something for you before a great while, and hope you will not push me. [Signed]   J. A. Seymour."

The second letter is dated March 8, 1893, and reads: "Your letter 2d inst. to hand. Will say I will send more money as soon as I can, and hope that you can wait, as money is very scarce here now, especially with farmers. Very truly, J. A. Seymour."

In addition to the note and letters plaintiff offered to prove by the witness Shaw that when plaintiff, who was the owner and holder of the note, left Texas some years ago, she placed it in his hands for collection; that the last three payments credited thereon were made to the witness by defendant, who owed no other debt to plaintiff when the credits were made that he knew of; that the note was the only debt he knew of that defendant owed her when the letters were dated; and by the witness Seymour, who is the defendant himself, plaintiff offered to prove that the note was executed by him and his brother, now deceased, that witness made the payments thereon, as stated by witness Shaw, and that the note was the only debt he owed the plaintiff at the date the letters were written.

Upon objection by defendant this evidence was held insufficient and was excluded by the court and a verdict ordered for defendant. The sole question presented, is, whether or not the letters, in connection with the parol evidence showed a sufficient acknowledgment of the debt to take the case out of the operation of the statute of limitation?

In cases where there is an acknowledgment in writing of the existence and justness of a debt parol evidence is admissible to show what debt is referred to; and where no other indebtedness than that in suit is shown by the promisor to have existed at the time the acknowledgment was made, the presumption will be raised that the reference was to the debt sued on.

The acknowledgment itself can not be supplied by parol evidence, but must be contained in the writing. All of the cases in our reports hold that a sufficient writing must contain either an unequivocal acknowledgment of the indebtedness, or an unqualified promise to pay it, which will imply such an acknowledgment. "If the expressions be equivocal, vague and indeterminate, leading to no certain conclusion, but at best to probable inferences only, it would not amount to an acknowledgment sufficient to take the case out of the operation of the statute." Smith v. Fly, 24 Texas, 354.

The letters in question do not contain an acknowledgment of any indebtedness, except as "a probable inference." They contain, it is true, a promise to remit money, but not as the payment of any debt. By the parol evidence it is shown that a debt then existed from Seymour to appellant, and it may be inferred that the letters had refer-

ence to payment of it; but this is the very thing which the statute requires the acknowledgment to show. The case is not within those decisions where the writing acknowledges the existence of, or promises to pay a debt, in which parol evidence may be used to identify the debt referred to. Here no debt is acknowledged, and no payment of a debt is promised, and the essential fact, if shown at all, would have to be gathered from the facts shown by parol. It was the function of the court to determine the legal effect of the writings, and as they were insufficient, the court did not err in so holding, and in directing a verdict for defendant. Mitchell v. Clay, 8 Texas, 447.

The judgment is affirmed.

*Affirmed.*

Delivered June 20 1895.