LUNA et ux. v. ELLSBY.     (No. 10194.)

Court of Civil Appeals of Texas. Dallas. April 28, 1928.

Rehearing Denied May 26, 1928.

1. Limitation of actions ☞118(1)—Action on note after expiration of limitation period held to suspend limitation, where petition was amended to allege new promise later (Rev. St. 1925, art. 5539).

Action on note and deed of trust, not commenced until after expiration of four-year period of limitation, held sufficient to suspend limitation on indebtedness originally evidenced by note, though petition was not amended to allege action on new promise, under Rev. St. 1925, art. 5539, until two years later.

2. Limitation of actions ☞5(1), 148(1), 149 (1)—Debtor's written "acknowledgment" of justness of claim, to remove bar of limitation, must be express, specific, and unconditional; statute being liberally construed for debtor (Rev. St. 1925, art. 5539).

Rev. St. 1925, art. 5539, declaring that, when action appears to be barred by limitation, an acknowledgment of justness of claim, made in writing and signed by debtor, will take claim out of such bar, is liberally construed for benefit of debtor, and, as so construed, the "acknowledgment" required must be express, specific, and unconditional.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Acknowledge—Acknowledgment.]

3. Limitation of actions ☞148(2)—New promise to remove bar of limitation may be implied (Rev. St. 1925, art. 5539).

Though, under Rev. St. 1925, art. 5539, cause of action on claim barred by limitation must be on a new written promise made by person against whom claim is asserted, it is not necessary that debtor's written acknowledgment, relied on to remove the bar of limitation, should contain this new promise in express terms, but promise may be implied, but, before it can be implied, acknowledgment of debt or claim must be in express, unconditional terms.

---

**4. Limitation of actions** ⟨key⟩148(3)—**Letters stating present impossibility of paying held insufficient written "acknowledgment" to remove bar of statute (Rev. St. 1925, art. 5539).**

Letters stating present impossibility of paying note and deed of trust, and requesting plaintiff to defer action as to having attorney collect note, without specifically denying debt, or stating unwillingness to pay it, *held* insufficient written "acknowledgment" of justness of claim, within Rev. St. 1925, art. 5539, to remove bar of four-year statute of limitation.

Appeal from District Court, Dallas County; Claude M. Macallum, Judge.

Action by S. J. Ellsby against W. B. Luna and wife. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

W. B. Harrell, of Dallas, for appellants.

Brown, Ballowe & King, of Dallas, for appellee.

JONES, C. J. In a trial before the court, S. J. Ellsby, appellee, was awarded a judgment in the sum of $3,000 as the balance of principal, interest, and attorney fees due on a deed of trust lien note executed by W. B. Luna and wife, appellants, to appellee, and a foreclosure of the lien on land described in the deed of trust and in the note. From this judgment appellants have duly prosecuted an appeal. The necessary facts are as follows:

On October 22, 1914, appellants borrowed from appellee the sum of $3,000, and executed a note therefor, and as security at the same time executed a deed of trust on real estate situated in the city of Dallas. The deed of trust was never placed of record, and at the time of the trial of this case had been lost. The note was in the form of a deed of trust note, and described the lot as it was described in the deed of trust. This note matured on the 22d day of October, 1915. Appellants at the time of the trial were the owners of the lot described in the note and the deed of trust.

The suit was instituted on March 12, 1925, and declared on the note and the deed of trust; the prayer being for judgment of the debt and a foreclosure of the deed of trust lien. On March 16, 1927, presumably to meet appellants' plea of limitation, the original petition was amended in which it was admitted by appellee that the note appeared to be barred by the four-year statute of limitation, but alleged that the note and deed of trust were in full force and effect because of letters written to appellee by appellant W. B. Luna, in which there were such acknowledgments of the justness of the claim as removed the bar of limitation, and based the cause of action on the new promises and acknowledgments set forth in the letters, and prayed for the judgment entered. These let-

ters are set forth in full in the petition, were introduced in evidence against appellants' objection, and are of dates, respectively, December 13, 1920, November 8, 1922, January 29, 1923, and September 10, 1923. It was shown that the letters referred to the debt evidenced by the said note.

Appellants' answer consisted of general and special exceptions, which were overruled by the court, a general denial, and special plea of the four-year statute of limitation. The special exceptions were directed to the letters set out in plaintiff's petition, and were on the general grounds that the letters showed on their face that they were insufficient to suspend the statutory bar of limitation.

[1] In view of the conclusion we have reached in this case, it only becomes necessary to discuss the effect of these letters on appellants' plea of limitation. While action on the alleged new promise was not declared on until March 16, 1927, yet we think the original suit, of date March 12, 1925, declaring on the note and deed of trust, was sufficient to suspend limitation on the indebtedness originally evidenced by the note. The letter of December 13, 1920, was written more than four years prior to the filing of the suit, and, if it were sufficient to constitute a new promise to pay, such new promise could not avail appellee against appellants' plea of limitation. So much of the letter of November 8, 1922, that bears on this subject reads:

"I received your registered letter of October 27th, which has reference to my note which has been sent to the City National Bank for collection. In this connection I am sorry to say that it is not possible for me to take up the note or make a substantial payment on it at this date. I have continually refrained from writing, thinking each week and month that I would be able to make a satisfactory payment, but so far I have not been able to do it. I should regret very much to have you place this note in the hands of an attorney for collection, and am sure it would be a mistake from your standpoint, as well as mine. I feel certain, further, that it would be a mistake from a financial standpoint to you. As stated, it is absolutely impossible for me to take care of the note at this time and for reasons that I could explain to you in person, I am asking that you defer action as to an attorney and have the note returned to you. * * *"

So much of the letter of January 29, 1923, as is material to this issue reads:

"Receipt is acknowledged of your letter of January 17th, and in reply I am forwarding herewith my check for $100, on the American Exchange National Bank, dated February 8, 1923. * * * I was hoping that you would have had business in Dallas before this, as I should like to have a personal talk with you. Many things could be more readily explained."

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

From the letter of September 10, 1923, only the following is material:

"Receipt is acknowledged of your letter of July 21st, which has had my careful consideration. I am pleased to advise that the matter referred to therein will have my attention about October 1st. I trust that this arrangement will be satisfactory."

[2] Article 5539, Revised Statutes 1925, declares, in effect, that, when an action may appear to be barred by a law of limitation, an acknowledgment of the justness of the claim, made in writing and signed by the debtor, will take the claim out of such bar. The modern tendency of the courts is to construe this statute liberally for the benefit of the debtor, and, in line with such construction, our courts hold that such acknowledgment must be express, specific, and unconditional. Coles v. Kelsey, 2 Tex. 541, 47 Am. Dec. 661; Mitchell v. Clay, 8 Tex. 443; McDonald v. Grey, 29 Tex. 80; Gathright v. Wheat, 70 Tex. 740, 9 S. W. 76; Howard & Hume v. Windom, 86 Tex. 560, 26 S. W. 483; Krueger v. Krueger, 76 Tex. 178, 12 S. W. 1004, 7 L. R. A. 72; Reynolds Iron Works v. Mitchell (Tex. Civ. App.) 27 S. W. 508; Trainer v. Seymour, 10 Tex. Civ. App. 674, 32 S. W. 154; Stacy v. Parker, 63 Tex. Civ. App. 129, 132 S. W. 532.

[3, 4] Do the letters above copied measure up to the prescribed test for the renewal of an obligation that has become barred by the statute of limitation? It will be observed that there is contained in no letter an express promise to pay the debt. Is there in any letter an implied promise to do so? While the cause of action on a claim barred by limitation must be on a new promise made by the person against whom the claim is asserted, still it is not necessary that the written acknowledgment of the defendant, relied upon to remove the bar of limitation, should contain this new promise in express terms. Such promise may be implied, but, before it can be implied, the acknowledgment of the debt or claim must be in express terms and unconditional. In the absence of an express promise to pay the debt, there can be no implied acknowledgment of its justness. This is the meaning of the holding of the Supreme Court in the case of Gathright v. Wheat, supra, in which Judge Gaines, speaking for the court, declared that a writing signed by the defendant was not sufficient against a plea of limitation, though the writer did not deny that he owed the debt, did not express an unwillingness to pay, and used expressions well calculated to leave the impression upon the creditor's mind that he would pay if he were able. In the case of Krueger v. Krueger, supra, it was held that a letter stating that defendant had tried to raise some money for plaintiff, and promising to send

some but not all, because he must live first, and to pay whatever he can every year, and saying further, that he had not signed a note sent him because it was just as good without, as they knew how they stood, was held to be insufficient to remove the bar. To the same effect is Reynolds Iron Works v. Mitchell, supra. In the case of Trainer v. Seymour (Tex. Civ. App.) 32 S. W. 154, it was held that a letter from the defendant, stating that he would try to do something for plaintiff, and that he would send more money as soon as he could, was not sufficient to remove the bar of limitation. The writings in these cases appear to be stronger in favor of plaintiff than is the writing under review. About all you can say of the writing in the instant case is that the debt is not specifically denied, and that no unwillingness to pay is expressed. This is not the character of acknowledgment of the justness of a claim that will imply a new promise. We are of the opinion that the trial court erred in his conclusion of the legal effect of these letters, and that the court should have held that the claim of appellee was barred by the four-year statute of limitation.

As appellee's cause of action is based on the legal effect to be given these letters, it necessarily follows that this case must be reversed and here rendered for appellants. Reversed and rendered.