**ELSBY v. LUNA et ux.** (No. 1221—5237.)

Commission of Appeals of Texas, Section A. April 10, 1929.

Brown, Ballowe & King, of Dallas, for plaintiff in error.

W. B. Harrell, of Dallas, for defendants in error.

CRITZ, J. This suit was filed in the district court of Dallas county by S. J. Elsby, plaintiff in error, against W. B. Luna et ux., defendants in error, as an action for debt. The debt sued on is evidenced by a promissory note dated October 22, 1914, for $3,000, executed by W. B. Luna and wife, and payable to Elsby, due one year after date, with 8 per cent. interest per annum and providing for 10 per cent. attorney's fees. Said note was secured by a deed of trust upon certain real estate in Dallas, Tex. While admitting the original note to be barred by the statute of limitation on its face, the plaintiff set up and pleaded certain letters hereafter quoted written by W. B. Luna to Elsby, whereby he contended the running of the statute of limitation was prevented, and said letters were declared on in the suit.

W. B. Luna and wife raised the issue of limitation by special exception and plea, and defended against a foreclosure of the deed of trust lien on the real property, involved on the ground that said letters declared upon by the plaintiff were neither acknowledged nor recorded as provided by the 1913 registration statutes relative to real estate notes. This suit is between the original parties, no third party being interested; therefore the last-mentioned ground of defense is so well settled against defendants that we do not deem it necessary to further consider it.

Trial in the district court before the court without a jury resulted in a judgment for plaintiff against W. B. Luna for the debt sued for, and against said Luna and wife foreclosing the deed of trust lien. This judgment was appealed from by Luna and wife to the Court of Civil Appeals for the Fifth District at Dallas, which court reversed the judgment of the district court and rendered judgment for Luna and wife. 6 S.W.(2d) 375. The case is now before the Supreme Court on writ of error granted on application of Elsby.

As shown by the record, after the note sued on was undoubtedly barred by the statute of limitation, Luna wrote Elsby several letters, all being written in direct answer to letters written to him by said Elsby requesting payment of the note; the salient parts of the letters written to Elsby by W. B. Luna being as follows:

Letter of date November 8, 1922:

"I received your letter of October 27th, which has reference to my note which has been sent to the City National Bank for collection. In this connection I am sorry to say that it is not possible for me to take up the note, or make a substantial payment on it at this date. I have continually refrained from writing, thinking each week and month, that I would be able to make a satisfactory payment, but so far have not been able to do it. I should regret very much to have you place this note in the hands of an attorney

for collection, etc. * * * I am asking that you defer action as to an attorney and have the note returned to you."

Letter of date January 29, 1923:

"Receipt is acknowledged of your letter of January 17th, and in reply I am forwarding herewith my check for $100.00 on American Exchange National Bank, dated February 8, 1923 * * * I was hoping that you would have had business in Dallas before this, as I should like to have a personal talk with you. Many things could be more readily explained."

Letter of date September 10, 1923:

"Receipt is acknowledged of your letter of July 21st, which has had my careful consideration. I am pleased to advise you that the matter referred to therein will have my attention about October 1st. I trust that this arrangement will be satisfactory."

The Court of Civil Appeals holds in effect that the letters above quoted, as a matter of law, do not contain that character of acknowledgment of the justness of the debt that will imply a new promise to pay same, as is contemplated and required by article 5539, R. C. S. of Texas 1925. We are not in accord with this holding.

■■■■ We understand the rule to be that, "This new promise need not be expressed in the writing, but may be implied from what is written." "An unqualified and unequivocal acknowledgment in writing on the part of the debtor, of the existence of the indebtedness, unaccompanied by expressions indicating an unwillingness to pay same, will raise the implication of a new promise to pay the indebtedness." York v. Hughes (Tex. Com. App.) 286 S. W. 165; Coles v. Kelsey, 2 Tex. 541, 47 Am. Dec. 661; Howard v. Windom, 86 Tex. 560, 26 S. W. 485; Stein v. Hamman (Tex. Com. App.) 6 S.W.(2d) 352 (certified question opinion adopted).

When we analyze the contents of the above-quoted letters in the light of the above rule and authorities, we are convinced that they contain every element necessary to meet the requirements of the statute. The evidence is conclusive that Luna and wife executed the note and deed of trust in consideration for the loan of $3,000 by Elsby to W. B. Luna; there is no remote contention that it has ever been paid; Luna made default in the payment of the note, and Elsby made repeated demands for payment by letters to Luna; Luna wrote the above-quoted letters in direct reply to such demands by Elsby; and it is self-evident from the contents of the letters written by Luna that they were written for the express purpose of inducing Elsby to carry said debt from time to time.

The letter dated November 8, 1922, was written in response to a letter from Elsby to W. B. Luna demanding payment of the debt; it acknowledges receipt of Elsby's letter which had reference to Luna's note; it expresses sorrow and regret that he (Luna) was unable to pay it, or make a substantial payment on it at that time; and further states that the reason that he had refrained from writing sooner was he thought each week and month he would be able to make a satisfactory payment, but so far had been unable to do so; and asks that action on the note be deferred. If this letter does not acknowledge the justness of the claim, it would be difficult to frame such an acknowledgment.

The letter of date January 29, 1923, was also written in response to a letter from Elsby to Luna requesting payment of the note; it acknowledges receipt of Elsby's letter, and says he is forwarding $100; certainly the $100 was to be applied to the payment of the note. No other reasonable construction could be given this letter.

The letter of date September 10, 1923, is also written in reply to a letter from Elsby demanding payment of the note; it acknowledges receipt of Elsby's letter, and says it has had careful consideration; and then definitely promises Elsby that the matter referred to in Elsby's letter will have Luna's attention about October 1st, and says that he trusts this arrangement will be satisfactory. We submit that this letter meant nothing more or less than that Luna would pay the debt demanded about October 1st, and trusted that would be satisfactory to Elsby. If this is not also an acknowledgment of the justness of the claim, it would be difficult to frame one. Also we think this letter amounts to a direct, new promise to pay the debt.

■■■ We are of the opinion that the letters above quoted, and especially the ones of date November 8, 1923, and September 10, 1923, are amply sufficient, as a matter of law, to constitute an acknowledgment by W. B. Luna in writing, and signed by him, of the justness of the claim herein sued on. In other words, we think said letters as a matter of law meet the requirements of article 5539, R. C. S. of Texas 1925.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the district court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.