## POE v. POE.

### No. 1803.

Court of Civil Appeals of Texas. Eastland.

May 27, 1938.

Rehearing Denied July 8, 1938.

Conner & Conner, of Eastland, for appellant.

Scott & Gilbert, of Cisco, for appellee.

GRISSOM, Justice.

Lillia A. Poe sued S. N. Poe upon an implied promise alleged to have arisen from an alleged acknowledgment by defendant of the justness of a debt barred by the statute of limitation, the barred debt being evidenced by a vendor's lien note dated February 3, 1913, due January 1, 1915. Plaintiff's original petition was filed June 22, 1936. The alleged acknowledgment of the justness of the barred debt was evidenced by a letter from defendant to plaintiff dated January 3, 1936. Defendant's answer contained pleas of the two and four year statutes of limitation, Vernon's Ann.Civ.St. arts. 5526, 5527.

Upon a trial to the court, judgment was entered for plaintiff for the unpaid balance of said vendor's lien note and foreclosure of the lien. Defendant has appealed.

The note was barred by the four year statute of limitation prior to the institution of the suit. A finding that defendant acknowledged in writing the justness, or existence, of the barred debt must find its support, if it is to be sustained, in the language of defendant's letter dated January 3, 1936. If the evidence is insufficient to sustain such a finding, the judgment cannot be upheld. The determinative question is whether or not said letter constitutes an acknowledgment of the justness of the barred debt within the contemplation of the provisions of Art. 5539, reading as follows: "When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless

such acknowledgment be in writing and signed by the party to be charged thereby."

The letter is as follows: "Dear Aunt. How are you by this time. Hope you are well. I am all O.K. it is plenty cold up here. Well I hope you had a nice trip Xmas. I didn't get to stay at home very long just had to get back and go to work. I went in and talked to Jewel but he didn't no what to do, so I told him I would write you when I got back up here. So Aunt Lillie I'll be back before long and I'll talk to you and I no we will fix it up some way. So I will see you when I come home. Lots of good wishes from Silas."

Briefly stated, the circumstances surrounding the writing of the letter, as disclosed by parol testimony, were: Plaintiff had several times prior to the date of the letter talked with defendant with reference to his note and the payment thereof; in said interviews defendant told plaintiff, in substance, that he was not able to pay the note then, but he wanted, if he could, in the future to pay it, but he, on each occasion, refused to execute a new note or extension thereof. Defendant never denied owing the note. Plaintiff, knowing that she would be absent during the Christmas holidays of 1935, told Jewel Poe "to see Silas and to fix it up anyway Silas wanted to fix the note." During the Christmas holidays defendant visited in Eastland County, where plaintiff resides, and Jewel Poe talked to defendant about the note and asked "if he had the papers that were to be fixed up and he said: no, he would wait until she came back and that he would then fix it anyway she wanted it." When plaintiff returned to Eastland County defendant had gone to Borger and from there he wrote the letter alleged to constitute the acknowledgment of the justness of the debt. Plaintiff testified that said letter was the only instrument in writing signed by the defendant with reference to the note.

In Trainer v. Seymour, 10 Tex.Civ.App. 674, 32 S.W. 154, plaintiff alleged certain letters signed by defendant as an acknowledgment of the debt, the letters being as follows: (1) "Your letter received several days ago. In reply, will say I hope you will be as easy as possible. Cotton is very low at present. Farmers are trying to hold for better prices. Will try to do something for you before a great while, and hope you will not push me." (2) "Your letter 2nd inst. to hand. Will say I will send more money as soon as I can, and hope that you can wait, as money is very scarce here now, especially with farmers." In said case, plaintiff offered to prove that when plaintiff left Texas she placed the note in witness's hand for collection; that the last three payments credited thereon were made to witness, and offered to prove that the note was executed by defendant and his brother; that defendant made the payments thereon; that the note was the only debt defendant owed plaintiff when the letters were written. Said evidence was held by the court to be insufficient and a verdict ordered for defendant. Judge Williams, writing the opinion for the court, said (page 155): "The sole question presented is whether or not the letters, in connection with the parol evidence, showed a sufficient acknowledgment of the debt to take the case out of the operation of the statute of limitation. In cases where there is an acknowledgment in writing of the existence and justness of a debt, parol evidence is admissible to show what debt is referred to. * * * *The acknowledgment itself cannot be supplied by parol evidence, but must be contained in the writing.* All of the cases in our reports hold that a sufficient writing must contain either an unequivocal acknowledgment of the indebtedness, or an unqualified promise to pay it, which will imply such an acknowledgment. '*If the expressions be equivocal, vague, and indeterminate, leading to no certain conclusion, but, at best, to probable inferences only, it would not amount to an acknowledgment sufficient to take the case out of the operation of the statute.*' Smith v. Fly, 24 Tex. 345 [76 Am.Dec. 109]. The letters in question do not contain an acknowledgment of any indebtedness, except as 'a probable inference.' They contain, it is true, a promise to remit money, but not as the payment of any debt. *By the parol evidence it is shown that a debt then existed from Seymour to appellant, and it may be inferred that the letters had reference to the payment of it, but this is the very thing which the statute requires the acknowledgment to show.* The case is not within those decisions where the writing acknowledges the existence of or promises to pay, a debt, in which parol evidence may be used to identify the debt referred to. *Here no debt is acknowledged, and no payment of a debt is promised, and the essential fact, if shown at all, would have to be gathered from the facts shown by parol.*"

In Coles v. Kelsey, 2 Tex. 541, 556, 47 Am.Dec. 661, the Supreme Court of Texas first laid down the rules as to the sufficiency of evidence, under the statute, to constitute a revival of a barred debt. The court said: "It will, however, be well to lay down some rules, as to what will be a sufficient subsequent promise or acknowledgment to take the case out of the bar of the Statute. By an express provision in our Statute, 'That when any action may appear to be barred by any law of Limitation, no acknowledgment of the justice of the claim, made subsequent to the time it became due, shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing, and signed by the party to be charged thereby.' This Statutory provision was designed to put an end to the almost infinite variety of decisions, as to what amounted to a subsequent promise. But the better opinion seems to be, that *the only difference introduced by the provision, is, as to the character of the proof of the acknowledgment,* and not as to what words would constitute such acknowledgment. In Story on Contracts, section 1013,. the following doctrine will be found: 'The operation of the Statute may also be frustrated, by an acknowledgment of the existence of the debt, or by a new promise to pay it. This promise, or acknowledgment, is considered as a new promise, founded upon the previous debt as a consideration, and must be sufficient in itself to support an action for the debt, independent of the original promise. The acknowledgment is to be considered not as a revival of the original agreement, but as a new and distinct agreement in itself.' And the same author proceeds in the next section to illustrate the text. 'If there be no express promise to pay, a promise may be raised by implication of law, from the acknowledgment of the party. But *such an acknowledgment must contain an unqualified admission of the debt,* and a willingness to pay it. An acknowledgment of the original justice of the claim is not sufficient to take the case out of the Statute, unless accompanied with an admission of the party's present liability. If the acknowledgment be conditional, the remedy only revives on the performance of the condition. It is not necessary, however, that any specific sum should be acknowledged to be due, if the acknowledgment be sufficiently broad to include the debt, *and sufficiently particular to show*

*that it was the subject matter of the contract."*

In Webber v. Cochrane, 4 Tex. 31, 36, it is said: "The rules of construction by which the sufficiency of an acknowledgment is to be determined, are unaltered; and the instrument of evidence alone is charged."

In Cotulla v. Urbahn, 104 Tex. 208, 214, 126 S.W. 1108, 135 S.W. 1159, 1162, 34 L. R.A.,N.S., 345, Ann.Cas.1914B, 217, the court, after quoting the statute, said: "It has been held from a very early day in this state and such is practically the universal rule, that the action in such case is on the new promise, and that the original indebtedness serves only to furnish a consideration for such promise or an indebtedness to which it may relate and attach. It seems also to be settled that such new obligation must either evidence an express promise to pay the debt or an unequivocal acknowledgment of its justness from which it is said the law will imply a promise to pay it. As to whether a given instrument or any number of instruments contain such promise as will relieve the bar of the statute is, it seems, a matter of law to be determined by the court, *and this judgment must be based solely on the written instrument or instruments relied on."*

At page 218, 135 S.W. at page 1164, is found the following language: "The very fact that the *acknowledgment is to be in writing* evidences the purpose of the lawmaking body to place safeguards against the introduction generally of parol evidence to take the debt out of the bar of the statute. We cannot express our views more strongly than by quoting from Story in Bell v. Morrison, supra [1 Pet. 351, 7 L.Ed. 174], where he says: 'If we proceed one step further, and admit loose and general expressions, from which a probable or possible inference may be deduced of the acknowledgment of a debt by a court or jury, that, as the language of some cases has been, any acknowledgment, however slight, or any statement not amounting to a denial of the debt, that any admission of the existence of an unsettled account, without any specification of amount or balance, and however indeterminate and casual, are yet sufficient to take the case out of the statute of limitations, and to let in evidence, aliunde, to establish any debt, however large, and at whatever distance of time, it is easy to perceive that the wholesome

834

objects of the statute must be in a great measure defective, and the statute virtually repealed.' We think the rule as adopted and settled in this court ought not to be further extended."

██ From the above authorities it is evident that our Supreme Court has decided that the acknowledgment of the justness, or existence, of a barred debt, in order to revive it, must be in writing and proof of such acknowledgment cannot be made by parol testimony. To hold otherwise would do violence to the language of the statute which provides that such acknowledgment shall not be admitted in evidence, unless in writing and signed by the party to be charged thereby. Of course, it has been held in many cases that where the existence of a debt is acknowledged in writing parol evidence may be admitted to identify the particular debt referred to in the writing, or to show that only one debt was owing to the person whose debt was acknowledged and that, therefore, the writing necessarily referred to that debt. We, therefore, conclude since evidently the letter relied on does not contain clear and unequivocal acknowledgment by defendant of the existence of any debt, the letter is insufficient to bring plaintiff's case within the provisions of Art. 5539. Gathright v. Wheat, 70 Tex. 740, 9 S.W. 76. Such acknowledgment not being provable by parol, plaintiff has failed to establish by competent evidence an acknowledgment reviving the barred debt.

The recognized rule applicable to acknowledgments of barred debts, constituting a revival of the debt, or cause of action, under the statute, is stated by Justice Critz in Elsby v. Luna, Tex.Com.App., 15 S.W.2d 604, 605, as follows: "We understand the rule to be that, 'This new promise need not be expressed in the writing, but may be implied from what is written.' 'An unqualified and unequivocal acknowledgment in writing on the part of the debtor, of the existence of the indebtedness, unaccompanied by expressions indicating an unwillingness to pay same, will raise the implication of a new promise to pay the indebtedness.'"

See, also, Stein v. Hamman, 118 Tex. 16, 6 S.W.2d 352, 9 S.W.2d 1104.

The language of the letter evidently relied upon by plaintiff as constituting an acknowledgment of the justness, or existence, of the barred debt, is as follows: "I went in and talked to Jewel but he didn't no what to do. * * * I'll be back before long and I'll talk to you and I no we will fix it up some way." What was to be "fixed up"? The letter does not show. That it was an acknowledgment of the justness of defendant's debt to plaintiff must be shown by the writing. We think it cannot be reasonably contended that such language should be construed as a "clear and unequivocal" acknowledgment of the existence of a subsisting indebtedness, from which the law will imply a promise to pay. McDonald v. Grey, 29 Tex. 80, 83. See, also, Krueger v. Krueger, 76 Tex. 178, 180, 12 S.W. 1004, 7 L.R.A. 72; Henry v. Roe & Burnside, 83 Tex. 446, 452, 18 S.W. 806.

██ A promise to pay is inferred from a clear and unequivocal acknowledgment of the existence of the debt in the absence of expressions indicating an unwillingness to pay it. The letter contains no acknowledgment of the existence of a debt. The existence of the debt cannot be inferred and then imply therefrom a promise to pay. One inference cannot be based upon another. Kleis v. McGrath, 127 Iowa 459, 103 N.W. 371, 372, 69 L.R.A. 260, 109 Am. St.Rep. 396.

"The tendency of modern decisions has been to construe the statute more liberally in favor of debtors, and not to torture vague expressions into acknowledgments or promises, when the language does not clearly impart such construction. We think the statute should be construed so as to carry out the intention of the legislature, and to effect the object which was sought to be accomplished by it. The evil which the statute of limitations in reference to debts was intended to remedy was to prevent demands originally invalid, or which had been discharged, from being enforced after such a lapse of time as would probably make it impossible for defendants to procure the evidence by which a just defense could be established. The reason for the statute no longer exists when the defendant, within a short time before bringing the suit, has acknowledged the justness of the demand.

"But the rule which permitted a new promise to be proved by parol evidence became subject to abuse, and led, in England, to the passage of a statute which required the acknowledgment or promise to be in writing. Our own statute upon the same subject has been held to be substantially the same, though it is to be noted that Lord Tenterden's act uses the words 'no

acknowledgment or promise,' while the statute of this state omits the word 'promises' altogether. It would seem the omission might indicate some difference in intention.

"It would appear, therefore, that *when a defendant clearly acknowledges, in writing, that the debt is a just and subsisting obligation,* and evinces that, although he is unable to pay at the time, he has no desire or purpose to repudiate any part of it, every evil which the statute of limitations was intended to remedy is obviated, and that no reason exists why the demand should not be enforced." Howard & Hume v. Windom, 86 Tex. 560, 567, 26 S.W. 483, 485.

Also see Wetzel v. Anderson & Lundberg, Tex.Civ.App., 8 S.W.2d 687, 688; Tolleson v. McAlister, Tex.Civ.App., 33 S. W.2d 573, 575; Thompson v. Texas Land & Cattle Co., Tex.Civ.App., 24 S.W. 856; Wade v. Sheehan, Tex.Civ.App., 226 S.W. 444; Stacy v. Parker, 63 Tex.Civ.App. 129, 132 S.W. 532, 535; and Acers v. Acers, 22 Tex.Civ.App. 584, 56 S.W. 196.

In Smith v. Fly, 24 Tex. 345, 76 Am. Dec. 109, the Supreme Court, speaking of appellant's insistence that a certain instrument took the case out of the operation of the statute of limitation, said: "If so, it must be upon the ground that it contains an acknowledgment of the justice of the plaintiff's demand. * * * The acknowledgment * * * must contain an unqualified admission of a subsisting indebtedness. * * * The acknowledgment must show positively, that the debt is due, either wholly or in part, and must be unqualified. * * * If the expressions be equivocal, vague and indeterminate, leading to no certain conclusion, but at best to probable inferences only, it would not amount to an acknowledgment sufficient to take the case out of the operation of the statute."

In the present case the language of the written instrument does not refer in any manner whatsoever to a debt. The language of the letter, taken alone, may be as applicable to many other things as to a debt. It is most certainly "equivocal, vague and indeterminate, leading to no certain conclusion, but at best to probable inferences only." To hold that defendant acknowledged the justness, or existence, of the debt sued on would be to hold, contrary to the statute and decisions of our Supreme Court, that the acknowledgment may be established by parol testimony. That parol evidence is not competent to prove such an acknowledgment is well settled. 28 Tex.Jur. p. 266, sec. 169; 17 R.C.L. 898, sec. 256; Kleis v. McGrath, 127 Iowa 459, 103 N.W. 371, 69 L.R.A. 260, 262, 109 Am.St.Rep. 396; Griffin v. Lear, 123 Wash. 191, 212 P. 271; 37 C.J. 1125.

"The rule that where a contract upon its face is incomplete resort may be had to parol evidence to supply the omitted stipulation applies only in cases unaffected by the statute of frauds. If the subject matter of the contract is within the statute of frauds and the contract or memorandum is deficient in some one or more of those essentials required by the statute, parol evidence cannot be received to supply the defects, for this would be to do the very thing prohibited by the statute." 22 C.J. p. 1290, sec. 1719.

The reason for such rule is equally applicable to the instant case.

Since the written acknowledgment of a barred debt, sufficient to revive it, must be plain and unequivocal, and since parol evidence is not competent to establish such acknowledgment, we are constrained to hold that the competent evidence adduced upon the trial of this case fails to show an acknowledgment reviving the debt evidenced by the vendor's lien note. The evidence, therefore, is insufficient to support a judgment for plaintiff against the defendant for debt and foreclosure of the vendor's lien. As plaintiff's testimony discloses that the letter of January 3, 1936, is the only competent evidence available to her in an effort to show an acknowledgment of the existence of the barred debt and since it is insufficient to establish such acknowledgment, it becomes our duty to reverse the judgment and render judgment that plaintiff take nothing. Gilmore v. Dennison, Tex.Com.App., 115 S.W.2d 902. It is so ordered

(Italics in the opinion are ours.)