## METROPOLITAN CASUALTY INS. CO. OF NEW YORK v. DAVIS.

No. 2533.

Court of Civil Appeals of Texas. Waco.
July 22, 1943.

Rehearing Denied Sept. 23, 1943.

Malone, Lipscomb, White & Seay, of Dallas, for appellant.

H. J. Cureton, of Meridian, for appellee.

TIREY, Justice.

This is a suit for debt. Plaintiff alleged that a letter dated September 24, 1938, written and signed by defendant to plaintiff, constituted a sufficient acknowledgment of the existence of the debt under Article 5539, Revised Civil Statutes, to authorize a promise to be implied that defendant would pay his debt to it. The trial court sustained defendant's special exceptions 1 and 2 to the plaintiff's original petition, which exceptions were to the effect that the letter of September 24, 1938 was not an acknowledgment of the debt as required by the provisions of Article 5539, supra, and that such debt was barred by both the two year and four year statutes of limitation. Articles 5526 and 5527, Revised Civil Statutes. Plaintiff declined to amend and the court dismissed the cause of action and taxed plaintiff with the costs. Plaintiff has appealed from this order.

The judgment is assailed substantially on the grounds that the two and four year statutes of limitation did not apply because the suit was grounded upon a letter written and signed by defendant to plaintiff, in which defendant acknowledged the debt and expressed no unwillingness to pay it; and because said letter from defendant to plaintiff, when interpreted in the light of other letters and documentary evidence duly pleaded by the plaintiff, constituted a sufficient acknowledgment of the existence of the debt to authorize the promise to be implied that defendant would pay it, said suit having been filed within four years from the date said letter was written.

The pertinent parts of the letter are: "Just received your letter, but I am sorry to have to tell you I cannot send you anything for the present. I have had pretty hard luck this summer as I have been sick two months today. I had to go to the hospital and the doctor told me I must not do any work this fall and winter. Cotton was very sorry in this part of the country on account of boll weevils. Will not make enough to pay my taxes so you see this puts me in a pretty bad shape."

Plaintiff alleged substantially that in the years of 1932 and 1933 it became surety for appellee on four contract bonds given by defendant, as principal, to the State of Texas to guarantee the performance of certain road improvement contracts which appellee had secured from the State Highway Department; that defendant failed to complete his contracts with the State Highway Department, and that plaintiff advanced the necessary funds to complete the same; that in March, 1934, defendant requested statement of his account and the plaintiff sent to him a detailed statement showing a balance owing of $2,353.42, and a copy of this account was marked as an exhibit and attached to its petition; that defendant at no time denied owing the debt but either expressly or by necessary implication in his correspondence with plaintiff acknowledged the justness of the debt. The plaintiff pleaded verbatim the correspondence and documentary evidence on which it relied. On July 12, 1935, plaintiff wrote defendant, in part, as follows: "* * * As to making a payment now, we shall be glad for you to send us a check for $1,000.00 and pay the balance when it is convenient for you to do so."

On July 16, 1935, defendant wrote plaintiff, in part, as follows: "Am sending you check for $1,000.00 to apply on what I owe you and am sorry I could not pay all I owe you this time * * *."

On July 25, 1936, defendant wrote plaintiff, in part, as follows: "Am sending you check for $200.00, would have sent it sooner but was on a deal to sell my mixer and thought I would have more to send you. * * * If the man takes mixer will send you the money as soon as I get it."

Thereafter, on October 27, 1936, defendant wrote plaintiff, in part, as follows: "Am sending you check for $200.00 to apply on my account, only wish I could send you more but cannot just now * * *."

Thereafter, on December 23, 1937, defendant wrote plaintiff, in part, as follows: "Thought I would write you again to let you know that I have not been able to sell anything else but a few set of harness and have not collected the money for them yet, but will send you the money when I get it * * *."

On April 6, 1938, plaintiff sent defendant a statement of his account, which statement showed a balance due and owing as of that date of $1,220.42. Thereafter, on April 12, 1938, defendant wrote plaintiff, in part, as follows:

"In regard to what I owe you I am sorry to say I cannot pay any of it just now. I have a lot of harness, wagons and two trucks for sale but no sale for anything. * * * when I do make some money or sell anything, will send ... all I can spare.

"I am sorry this has been such a long drawn out affair, but it seems it could not be helped as I have done all I could in every way and if you will still bear with me I still hope to get you paid * * *."

On September 22, 1938, plaintiff wrote defendant as follows:

"It has been some time since we heard from you which causes us to again inquire if you are not in a position to make another payment to us on the old debt. The end of the year is rapidly approaching which causes us to be doubly anxious to have a payment.

"Will you please let us hear from you telling us what amount we may expect from you before the end of the year."

The letter of September 24, 1938, hereinbefore quoted, was defendant's reply to the foregoing letter.

Article 5539, Revised Civil Statutes, provides "When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby."

It is clear to us that the defendant's September letter standing alone, is not such "an unequivocal acknowledgment of the indebtedness, or an unqualified promise to pay it, which will imply such an acknowledgment" as contemplated by the foregoing statute. Trainer v. Seymour, 10 Tex.Civ.App. 674, 32 S.W. 154, 155; Smith v. Fly, 24 Tex. 345, 76 Am.Dec. 109; Windom v. Howard, 86 Tex. 560, 26 S.W. 483; Coles v. Kelsey, 2 Tex. 541, 47 Am.Dec. 661; Cotulla v. Urbahn, 104 Tex. 208, 135 S.W. 1159, 34 L.R.A.,N.S., 345, Ann.Cas.1914B, 217; Bell v. Morrison, 26 U.S. 351, 362, 1 Pet. 351, 362, 7 L.Ed. 174; Gathright v. Wheat, 70 Tex. 740, 9 S.W. 76. Nor do we think such view is in conflict with the views expressed by the Supreme Court in Elsby v. Luna, Tex.Com.App., 15 S.W.2d 604 and Starr v. Ferguson, Tex.Com.App.,

166 S.W.2d 130, and Hanley v. Oil Capital Broadcasting Ass'n, Tex.Sup., 171 S.W.2d 864. The first sentence in defendant's letter is the only pertinent part. It reads: "Just received your letter, but I am sorry to have to tell you I cannot send you anything for the present." You cannot read into such sentence an acknowledgment of the justness of the debt without assuming the writer intended to do so. Nor does such letter imply that the writer intended to pay such debt, or that he would do so if he were able unless we assume that such was his intention by virtue of his previous payments on such indebtedness and his previous correspondence with the plaintiff in relation thereto, which necessitates pyramiding presumption upon presumption. Since the four-year statute of limitations had become operative as to all defendant's acknowledgments of his debt to plaintiff and his promises to pay, except his September letter (suit having been filed September 21, 1942), the vital question is: Can the defendant's previous correspondence to and with plaintiff be looked to in order to ascertain the intention and purpose of defendant's letter of September 24, 1938? This question has given us much concern. We think that the correct answer to this question must necessarily depend on a correct analysis and application of the rule laid down by the Supreme Court in Windom v. Howard, supra. The court, in that case, after discussing the factual situation at length, said [88 Tex. 560, 26 S.W. 486]: "We remark, further, that in our opinion the second letter revived the debt, if it had not already been renewed by the first, and that at the time the third was written there was an enforceable, existing indebtedness. Under such circumstances the probability that defendant intended to repudiate the debt, in any manner or for any amount, is less than it would have been, had the claim been then barred. We think this may properly be looked to in construing the latter. *We conclude that the last letter contains a sufficient acknowledgment to remove the bar of the statute, and that there was no error in giving judgment for the debt* [italics ours]." The case at bar is similar only to the factual situation in the Windom case in that at the time defendant wrote and signed his September letter to the plaintiff, defendant's letter to plaintiff of date April 12, 1938 had revived his debt to the plaintiff. In the Windom case the court had under consideration three letters, but the opinion expressly holds that the

third letter set out in the opinion was a sufficient acknowledgment of the debt under the statute. Moreover, in this third letter we find this statement: "This is the first time I have got a letter from you in some time. I had rote you two letters since I got any from you." In the case at bar the defendant's September letter was a prompt and direct reply to the letter defendant had received from plaintiff two days before. Defendant's answer to such letter made no reference, either expressly or by implication, to the defendant's previous letters to plaintiff, nor does he acknowledge his debt to plaintiff and promise to pay it, as was expressly done in the third letter in the Windom case. We think such factual situation distinguishes the case at bar from the Windom case, as well as the last expression of the Supreme Court in Hanley v. Oil Capital Broadcasting Ass'n, supra. In the Windom case the Supreme Court laid emphasis on the fact that "the writer also refers to two former letters, without indicating any desire to retract anything that was said in either of them." We find no such reference in the September letter written by defendant to plaintiff. Plaintiff's letter to defendant on September 22, 1938, is an outright demand for further payment on the old debt. Defendant promptly answered this letter and advised plaintiff: "But I am sorry to have to tell you I cannot send you anything for the present." Defendant makes no reference to his previous correspondence with the plaintiff (nor does he acknowledge his debt to plaintiff and promise to pay it) and, by reason thereof, we do not think that defendant's letter of April 12, 1938, or any of his previous correspondence, can be looked to in construing his September letter. Our view is that when the statute of limitations begins to operate, it is just as effective in cutting off the intention shown by the letters so barred (absent a reference to such letter as in the Windom case, supra) as it is in cutting off the intention shown by the note or any other writing evidencing the debt executed by the debtor. We see no more reason for saying that we can look to a letter barred by limitation (absent a reference thereto) to ascertain the intention and purpose of a debtor writing a letter relied upon to toll the statute of limitations than we can look to a barred note or any other contract in writing executed by the debtor. We think this view is in accord with the rule in Windom v. Howard, supra, to the effect that

"the tendency of modern decisions has been to construe the statute more liberally in favor of debtors, and not to torture vague expressions into acknowledgments or promises, when the language does not clearly impart such construction."

Since we are of the opinion that defendant's September letter to plaintiff, standing alone, was insufficient to revive the debt, and since we are of the further opinion that we cannot look to defendant's previous correspondence with plaintiff to determine the legal effect of such letter, we think the judgment of the trial court must be affirmed, and it is so ordered.