Opinion delivered May 15, 1888.

No. 2612,

## H. C. LANGE *v.* L. W. CARUTHERS.

1. A DEBTOR on open account wrote to his creditor, November 14, 1882, **in**
reference to the debt, saying: "I will, if I am ever able, pay it." The
amount of the debt at the date of the letter was established, and it was
also shown that in October, 1885, the debtor had acquired and owned
an amount of money more than sufficient to pay his debts, including
the account. In December, 1885, he was sued on the written condi-
tional promise. *Held:*

(1) The existence of the original debt being shown, and the reference
made to it in the letter being established, the claim was not barred by
limitation, but the right of action accrued on the written promise at
the time when the defendant first had the ability to pay.

(2) The plaintiff was not bound to show that the defendant continued
to be able to pay, after showing that such ability once existed.

(3) The fact that the defendant, after being able to pay, invested his
money in a homestead, could not defeat the plaintiff's right of action.

APPEAL from Milam   Tried below before the Hon. W. E.
Collard.

*Hefley & Wallace,* for appellant: If the appellee was owing appellant on the fourteenth day of November, 1882, the debt sued for, and that is conceded, and on that day acknowledged that he owed the plaintiff the debt, and expressed a willingness to pay it, which acknowledgment was made in writing and signed by the defendant, and delivered by him to plaintiff, the debt would be taken out of the statute of the law of limitation of two years, and would not be barred until after the fourteenth day of November, 1886.    (Rev. Stats., arts. 3205, 3219.)

Where a party is owing another a legal debt and acknowledges the justness of the debt and promises to pay the same "if he is ever able," which acknowledgment and promise was made in writing and signed by the party owing the debt on the fourteenth day of November, 1882, such debt would not be barred by the laws of limitation until after the fourteenth day of November, 1886, provided he had and received at one time in October, 1885, more that enough money, subject to execution, to pay off and satisfy such debt, together with all other debts then owing and due by the party.    (Rev. Stat., arts. 3205 and 3219; Webber v. Cochrane, 4 Texas, 32; Coles v. Kelsey, 2 Texas, 542, Carlisle v. Hooks, 58 Texas, 420; Wait's Act. and Def., 289.)

*Ford & Ford,* for appellee: The letter of defendant to plaintiff, of date November 14, 1882, is not an unconditional acknowledgment of the debt and promise to pay, but is at most a promise to pay it on condition, first, that plaintiff would give him time and furnish him goods, etc., and second, that he ever became able. (Coles v. Kelsey, 2 Texas, 541; Mitchell v. Clay, 3 Texas, 443; McDonald v. Gray, 29 Texas, 83.)

If the money received by defendant from McIlhenny Co. was necessary for the support of himself and family and to pay other debts for which he was bound unconditionally, then defendant would not be held to be able to pay them. The meaning of his letter, and the burden of proof is upon the plaintiff to show clearly the ability of the defendant to pay before he can recover. (Tebo v. Robinson, 2 N. E. Rep., 383; 100 N. Y., 27.)

WALKER, ASSOCIATE JUSTICE.    November 1, 1886, Lange sued Caruthers upon an open account for merchandise, made

in 1881, for nine hundred and forty-four dollars and forty-seven cents. November 22, 1886, the case was tried before the judge. The account was proved as alleged. In order to take the account out of the statute of limitations, the plaintiff read in evidence the following letter:

THORNDALE, TEXAS, Nov. 14, 1882.
*Messrs. Focke, Wilkens & Lange, Galveston, Texas:*

GENTLEMEN—Yours of the 11th inst. to hand, and contents noted. In reply, I can only say that I am not at present able to pay anything. I am not in any business at present, and, in fact, have done nothing to make any money since I was closed up. I have studied matters over thoroughly, and have concluded to make you this proposition:

I have a suitable house, and in a good location for a country store, and in the center of my old customers, to whom I sold about $1,000 to $1,200 per month while I was in business before. A number of them have insisted on me trying to open up a small stock here about six miles from Thorndale. Now, if you gentlemen see fit to investigate this matter, and if it should prove satisfactory, and you have a mind to furnish me $1,000 worth of goods, and give me time, I can pay you up in 12 to 15 months. I will go into any kind of agreement to make you secure. I will run the business in your name or any other name that would be agreeable to yourselves or me, until you are paid or satisfactory arrangements are made otherwise. I will agree further to deposit all proceeds of sales to your credit at the Rockdale bank, subject to your drafts, reserving only the right to appropriate a small portion of the profits only, say a salary, for my individual expenses, as, of course, I must live. I could not expect to do much business for a short while, but as soon as the thing got thoroughly advertised, I am sure I can sell a good many goods. The nearest stores are one north 6 miles, one south 6 Miles, Rockdale 15 Miles east, and Taylor 16 miles west of me. A good farming country all around me. For reference as to my character and habits, I give you Mr. J. W. Hamblin, Mr. W. F. Fokes, Mr. Wm. Bange, post office, San Gabriel, Milam county, Texas. These gentlemen can also tell you what my prospects would be for a business here. I will also say that the Rockdale bank folks can tell you the character of the above parties I have referred you to, as also can almost any of Rockdale merchants. I will also refer you

to the firm of Hudson, Watson & Co., of Burnet, Burnet county, Texas. This is all the way I see to pay you any way soon, as I have literally nothing, and unless I can get up something of the kind, I will be obliged soon to hire myself for a salary. Let me hear from you at once, and of course, if the thing does not suit you, you have only to say so. I will, if I am ever able, pay you, but the prospects are gloomy now. I have been unfairly dealt with, or I would not now be in the position I am, and I am sorry to say my brother, who ought to have stood with me, has had as much to do with the matter as any one, and simply because I refused to be unjust to my creditors. However, you will credit this as you see fit any way, so it is of no use for me to enter into detailed explanation, but time will tell the story for itself.                 Respectfully,

L. W. CARUTHERS.

Caruthers knew the nature and extent of his indebtedness to Lange at the time he wrote and delivered the letter; which was in answer to one demanding payment of the debt.

In October, 1885, Caruthers received in money at one time three thousand dollars from McIlhenny Company, upon a compromise of a suit by him against McIlhenny Company for damages for attaching his goods while doing business at Thorndale. Thirteen hundred dollars of the three thousand dollars was never paid over to him, but was retained as fees by his attorneys in the suit. Nine hundred dollars of the balance was paid for a house and lot in Cameron—a homestead; one hundred and sixty dollars for wagon and pair of horses; one hundred and sixty dollars for the purpose of bringing his mother, sister and little son from Iowa to Texas. The balance he paid out upon debts due for doctor bills—medicine—rents for house to live in and family supplies—all incurred prior to receiving the money. He had paid out all the money before January 1, 1886, but twenty-five dollars.

Caruthers is a widower with five children—from five to seventeen years of age; a mother and sister dependent upon him.

The house and lot he bought to live in with his family, and he occupied it as a home. He is a carpenter, dependent upon his labor for support of himself and family. The wagon and horses are necessary assistance in carrying on his trade. He had no other means than as above stated, and owes no other

debts. The account sued on was for merchandise sold him while in business in 1881 at Thorndale, he having failed.

The parties agree in the record that the only point to be decided by the court on appeal is, whether the above letter of the defendant to plaintiff, and the facts above set out will take the case out of the statute of limitation of two years. If they do plaintiff to recover nine hundred and forty-four dollars and forty-seven cents.

The existence of the indebtedness as alleged upon account being shown, the words "I will, if I am ever able, pay it," evidently refer to it and constitute a conditional promise to pay it. To entitle plaintiff to recover, he was bound to allege and prove that defendant was, or had been able to pay the account subsequent to the promise and before suit. (2 Texas, 544; 8 Texas, 443; 11 Texas, 576; 29 Texas, 84; 30 Texas, 100; 48 Texas, 420.)

In 1885 defendant received seventeen hundred dollars net proceeds of the damage suit. Applying what was necessary to pay medical bills, house rent and living expenses, he is shown to have had sufficient left to meet this account—indeed to have paid all his debts and have several hundred dollars remaining. The condition named in his promise then existed. The plaintiff was not bound to show that Caruthers kept up his ability to pay, or a continuing ability to pay the debt. The right of action accrued, and it was not defeated by the subsequent appropriation of the money otherwise. His investment in a homestead and other exempt property could not destroy the legal effect his ability to pay had upon his promise, in making it absolute.

The judgment should have been for plaintiff. It is reversed and judgment is here rendered for plaintiff for nine hundred and forty-four dollars and forty-seven cents.

*Reversed and rendered.*