### F. A. GLASS v. ADOUE & LOBIT.

#### Decided April 9, 1905.

**1.—Promissory Note—Time of Payment.**

Where defendant sent to plaintiffs his note in settlement in which no time of payment was specified, but stated in the accompanying letter that he would pay it as soon as able, the note, when accepted, formed with the statement in the letter a single transaction, and the obligation was to pay the amount when defendant become able to do so.

**2.—Same—Limitation.**

Plaintiffs' action on the note was not barred by limitations where it was begun within two years after defendant became able to pay, although this was seventeen years after the date of the note,

ON REHEARING.

**3.—Same—Ability to Pay.**
    Evidence considered and held insufficient to show that defendant had become able to pay the note.

    Appeal from the County Court of Galveston. Tried below before Hon. Lewis Fisher.

    This was an action by appellees, as plaintiffs, upon a promissory note. The suit was begun October 17, 1903, and the defense of limitations was interposed. The judgment was for plaintiffs, from which the defendant appealed.

    *John C. Walker,* for appellant.—1. Where no day of payment is specified the note is payable on demand, and it is construed as if it contained these words on its face. Salinas v. Wright, 11 Texas, 575.
    2. If the words "when able" had been inserted in the instrument, limitations would have run from its date, as it would have been payable on demand or at once, no time for payment being specified, and the new promise would have no more vitality than the original one. Howard & Hume v. Windom, 86 Texas, 565.

    *Kleberg, Davidson & Neethe,* for appellees.—The court did not err in overruling defendant's exception of the statute of limitation, because the petition alleges that the defendant agreed to pay the debt sued upon when he should be able to do so, and it alleged that not until within two years prior to the filing of plaintiff's petition did he become able. The action could not have been commenced until he was able, and therefore it was not barred by limitation. Salinas v. Wright, 11 Texas, 571; Carlisle v. Hooks, 58 Texas, 421; Lange v. Caruthers, 70 Texas, 722.

    JAMES, Chief Justice.—The case was tried by the judge, and this court must consider that he accepted the testimony, if any, which will support the judgment. The action was upon a note which read as follows:

"February 7, 1886.

    "After date I promise to pay to the order of Adoue & Lobit three hundred and ninety-six and nineteen one-hundredths dollars, at their office in Galveston, Texas, value received.     F. A. Glass."

    It appears, from the testimony of Lobit, that Glass owed appellees money on a prior note, and sent the above in settlement of the old note. When received appellees returned it to him, saying that they could not accept it in that shape—asked him to fill it out (meaning the blank), and wanted to know when he would pay it. He returned it, and said he could not tell when he would be able to pay it, and asked appellees to hold it, and that he would pay it as soon as he was able. This was by letter. Lobit testified that the letter, with other letters of that date, had been lost in the storm at Galveston.

    In our opinion, this testimony would show that the note was not accepted by appellees when first sent, and was not accepted, nor finally

delivered to them, until it was returned with the letter, whereby appellant fixed the time of payment at the time when he should become able to pay it. The note and letter formed a single transaction, hence all contentions founded upon the theory that they constituted separate transactions are not well taken. The obligation evidenced by the two writings was one to pay the amount called for in the note when plaintiff should become able to do so.

There was evidence sufficient to warrant the finding that appellant did not become able to pay the note until about a year before the trial.

The first assignment of error will not be considered because not a proper one under the rules.

The second assignment relates to a matter that is immaterial.

*Affirmed.*

### ON REHEARING.

The evidence which tended to show that appellant had become able to pay the note consisted of the testimony of Mr. Lasker, to the effect that the appellant had stated to him about a year previous that he owned some fifty or sixty acres of land in the oil fields at Sour Lake, which he and witness were upon at the time, that witness offered him $30,000 for an acre of it, but he stated that he wouldn't sell any portion of it— that he proposed to hold it all and develop it.

Appellant testified that he had no property when he gave the note sued on, and has none yet. That he had no interest in any oil lands in Texas; that his boys inherited some oil lands in Hardin County from their mother and he was managing it for them. Her will was introduced, which showed that her sons were her devisees and legatees. That he did not remember telling Mr. Lasker that he owned the property about which they were conversing; that he could not have told him that he owned any, because he did not, and it could not have had any foundation. He owned none of the land, and the owners of it were his sons, whom he was representing.

In this state of the evidence we have come to the conclusion, on reconsideration, that the proof was not sufficient to warrant finding that appellant owned any land as that to which Mr. Lasker referred. Had the testimony developed nothing more than that appellant had made the statement on the one hand, and his denial of the statement on the other, the court might properly have accepted the testimony of Lasker and found the fact against appellant on his admission. But appellant went further, and showed that he owned no land, that his sons owned exclusively what Laskers' testimony had reference to. If appellant had owned any land his testimony could have been contradicted by the records. He testified that there was no capitalization, nor stock, connected with the property, which excluded the idea of his owning any stock.

The testimony adduced by appellant showed enough, in addition to his own denial, to render it improper to find that he owned the property. If appellant made the statement attributed to him, it was open to explanation, and it was explained by facts testified to and not controverted. For these reasons the motion is granted, and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*