## L. D. POWELL CO. v. LEE.   (No. 6657.)

(Court of Civil Appeals of Texas. Nov. 7, 1923. Rehearing Denied Dec. 20, 1923.)

**I. Compromise and settlement ⬤⇒23(3)—Evidence held to support finding of compromise after default in original contract.**

Evidence that, upon failure of the buyer to make payments required by a contract of sale for law books, the seller declared the entire sum due, and the buyer wrote the seller offering to pay $25 and reship the books, and inclosed check for $10, and the seller retained the $10 and sent an expressman to get the books, *held* to authorize a finding that seller accepted buyer's offer of compromise.

**2. Limitation of actions ⬤⇒148(1) — New promise must unqualifiedly admit indebtedness and express willingness to pay it.**

For a new promise to toll the statute of limitations it must contain an unqualified admission of a just subsisting indebtedness and express a willingness to pay it.

**3. Limitation of actions ·⬤⇒195(6) —Promise to pay, if able, places burden on seller to show when buyer was able to pay within limitation period.**

A buyer's promise to pay the purchase price if able, being conditional, cast the burden on the seller, if he depended upon it as a new promise, to prove that buyer was in fact able to pay within such time as would stop the running of the statute of limitations against the seller.

**4. Appeal and error ⬤⇒846(5)—Judgment of trial court sustained if any testimony supporting it.**

Where the trial court files no findings of fact, the judgment must be sustained if there is testimony supporting any theory authorizing the judgment.

Appeal from Brown County Court; H. C. Peyton, Special Judge.

Action by the L. D. Powell Company against R. E. Lee. Judgment for defendant, and plaintiff appeals. Affirmed.

Y. W. Holmes, of Comanche, for appellant. Scott & Davis, of Brownwood, for appellee.

BAUGH, J. Appellant, as plaintiff below, sued appellee on April 25, 1922, in the justice court, on a written order signed by appellee, for a set of law books, entitled "Standard Encyclopedia of Procedure." This order was dated May 23, 1916. The order called for delivery of the books as published at $6.50 per volume, all volumes in excess of 26 to be furnished free, and provided payment of $8 on September 1, 1916, and $3 per month for the remainder, with privilege of paying $9 each three months. Appellee defended on three grounds, as follows: First, that the order was procured through fraud; second, failure of consideration; and, third, the

---

statutes of limitation. Appellant, by supplemental petition, pleaded waiver by appellee on any question of fraud or failure of consideration, and that appellee had tolled the statute of limitation by a renewed written promise to pay in a letter to appellant, dated May 30, 1917, all of which supplemental pleadings were properly excepted to and denied by appellee. The case was tried before the justice of the peace and judgment rendered for defendant. On appeal to the county court, it was tried before a special judge, the appellee being the regular county judge, and judgment again rendered for defendant. From this judgment plaintiff appeals.

### Opinion.

Appellant only has one assignment of error, which is multiplicitous. In this assignment it sets up all the alleged errors of which it complains, and under it sets out eight propositions. Only a part of these are propositions of law, and these so mixed with argument as to be difficult of ascertainment. Its brief does not comply with the rules, but we have, nevertheless, considered the salient points raised. There is an agreed statement of facts, but no findings of fact nor conclusions of law made by the trial court. Nor is it made to appear that any such were requested. Only one witness, the appellee, testified, all other evidence being documentary.

[1] We think appellee's testimony clearly establishes his pleas of fraud and limitation unless same were defeated by his letter to appellant, dated May 30, 1917. This letter as shown in the record, and omitting the parts not pertinent to our inquiry, contained the following language:

"I want to make you the proposition to pay you $25.00 and reship you the books, and I will pay freight on same. The books are in as good condition as when I opened them, for the reason that they are not suited to my practice and therefore have not been used.

"I am inclosing you my check for $10.00. If you will accept my proposition I will immediately send you the other $15.00. If you do not accept this, then I will pay you for the books as I can. At any rate do not ship me any more of the books, I cannot use them."

It appears that when this letter was written appellee had paid nothing on the books and that, due to failure to pay the installments called for in the order, the appellant had exercised its option, provided for in the order, of declaring the full amount due, and had demanded payment in full. Appellee testified that it was in response to threats to sue him made in letters of appellant that he wrote the letter above quoted from, and that such offer was made only as a compromise. This is not denied nor contradicted by appellant. The undisputed testimony shows that appellant did not ship any more books to appellee, that it kept the $10 sent, and that it sent the local expressman for the books to be reshipped to it. He declined to receive same from appellee because not properly boxed, but we think this immaterial. We think that there was sufficient evidence to authorize the trial court in finding that appellant accepted appellee's offer of compromise and that it could not, therefore, sue upon the original contract. This would sustain a judgment against appellant.

If the trial court did in fact find that the order sued upon was supplanted by a compromise between the parties on May 30, 1917, inasmuch as the suit was not filed until April 25, 1922, nearly five years later, we think he could also have found for the appellee on his plea of limitation even as applied to the new agreement, which would also support his judgment.

[2, 3] Appellant contends, however, that appellee's letter was not a compromise offer, but a renewed promise to pay for the books, in the following language of his letter: "If you do not accept this, then I will pay for the books as I can"—and urges that this defeats his plea of limitation. In order for a new promise to pay to toll the statutes of limitation it must contain an unqualified admission of a just subsisting indebtedness and express a willingness to pay it. Krueger v. Krueger, 76 Tex. 178, 12 S. W. 1004, 7 L. R. A. 72. In the instant case, neither the amount of the debt nor that it is just appears to have been admitted by appellee in said letter, and his promise to pay is expressly contingent upon his ability to pay. Being, to that extent at least, a conditional promise to pay, the burden was cast upon the plaintiff, if it depended upon such new promise, to prove that appellee was in fact able to pay within such time as would stop the running of the statute of limitation against it. Lange v. Caruthers, 70 Tex. 718, 8 S. W. 604. A finding of the trial court against the appellant on this issue would likewise support a judgment against it.

[4] Where the trial court files no findings of fact, the judgment must be sustained if there is testimony supporting any theory authorizing the judgment. McCoy v. Mayer (Tex. Civ. App.) 21 S. W. 1015; Spalding v. Aldridge, 50 Tex. Civ. App. 230, 110 S. W. 560; Daniel v. De Oritz (Tex. Civ. App.) 140 S. W. 486; Telegraph & Tel. Co. v. Thompson (Tex. Civ. App.) 142 S. W. 1000; Pennington v. Fleming (Tex. Civ. App.) 212 S. W. 303; Blewett v. Richardson Ind. School Dist. (Tex. Civ. App.) 230 S. W. 255; Head v. Moore (Tex. Civ. App.) 232 S. W. 362.

We have taken occasion in this opinion to set out some of the issues on which the trial court, under the evidence, could have found against the appellant. It is not the province of this court to pass upon the weight of testimony. There being evidence to support the

judgment of the trial court, in the absence of his findings of fact and conclusions of law, this court must affirm the judgment below.

Affirmed.