## LEFEBURE CORPORATION v. WALLACE.

### No. 8633.

Court of Civil Appeals of Texas. Austin.

March 9, 1938.

H. F. Lewis, of Lampasas, for appellant.

Walker & Hammett, of Lampasas, for appellee.

McCLENDON, Chief Justice.

The controlling question in this case is whether three letters written by appellee to appellant were sufficient to remove the bar of limitation asserted in defense of an action upon a promissory note.

As early as 1852 the Supreme Court, speaking through Justice Wheeler in Mitchell v. Clay, 8 Tex. 443, 445, announced the rule here applicable, in the following words: "It is perfectly well settled that the acknowledgment of a debt, if accompanied with a promise to pay conditionally, is of no avail, unless the condition to which the promise is subjected by the defendant is complied with, or the event has happened upon which the promise depends. (Angell on Lim. 249.)"

The rule so announced has been uniformly followed, and may now be regarded as elementary. Salinas v. Wright, 11 Tex. 572; Lange v. Caruthers, 70 Tex. 718, 8 S.W. 604; Powell Co. v. Lee, Tex.Civ. App., 257 S.W. 308; 28 Tex.Jur. p. 263, § 164.

The three letters, while constituting an acknowledgment of the debt, did not embody an unconditional promise to pay. They only promised to pay when defendant "was able." There was no evidence that this condition was ever fulfilled. The burden rested upon plaintiff to establish that fact. Plaintiff, therefore, failed to make a prima facie case, and the trial court properly rendered judgment for defendant. The above authorities are directly in point. We quote from 28 Tex.Jur. p. 263: "The promise of a debtor to pay when able is a conditional promise. In such a case, the burden is upon the plaintiff, if he has relied upon the promise, to prove that the debtor was able to pay at a time subsequent to the promise and prior to the suit."

The trial court's judgment is affirmed.