## BRICKLEY v. FINLEY et al.
### No. 3910.

Court of Civil Appeals of Texas. El Paso.
July 11, 1940.

Rehearing Denied Sept. 26, 1940.

Neel & Starley, of Monahans, and John E. Hall, of Carrizozo, N. Mex., for appellant.

Hubbard & Kerr, of Pecos, for appellees.

PRICE, Chief Justice.

This is a suit by the appellant Brickley against the appellees O. Z. Finley and C. O. Finley to recover upon a promissory note executed by the defendants, dated December 21, 1932, payable six months after date. The petition first declares upon the note in the usual manner, and then alleges:

"5. Plaintiff further alleges that said defendant O. Z. Finley did on the 11th day of April, 1935, in writing extend and promise to pay said note, and that said defendant has from time to time, in writing, promised to pay said note.

"6. That the defendant, C. O. Finley, did in writing on the 22nd day of April, 1936, and at various and other times extend and promise to pay said note and indebtedness."

C. O. Finley answered by general demurrer, special exception to the effect that the cause of action was barred by the four-year statute of limitation, general denial, and a plea of the four-year statute of limitation.

On April 11, 1939, Brickley filed first supplemental petition, in which it was alleged that on April 22, 1936, C. O. Finley did in writing, signed by him, acknowledge the justice of the claim, and further set up writings signed by C. O. Finley acknowledging the justice of the claim, dated September 20, 1935, August 28, 1935, April 7, 1935, and December 14, 1934.

April 17, 1939, O. Z. Finley answered by general demurrer, special exception presenting the point that the action was barred by the four-year statute of limitation, general denial and plea of the four-year statute of limitation.

On April 17, 1939, Brickley filed what he designated as his second supplemental petition in answer to the original answers of the defendants. In this pleading the plaintiff demurred generally to the answers, denied generally the allegations contained therein, and alleged that on December 17, 1934, O. Z. Finley did in writing and above his signature acknowledge the justness of the debt, his liability thereon, and did promise expressly and impliedly to pay same in the following words: (There is then copied letter from O. Z. Finley to Brickley dated December 17, 1934). Like allegations were made concerning letters written by O. Z. Finley dated April 11, 1935, December 10, 1935, and April 26, 1936. Each of said letters being copied in full. Like allegations were made concerning letters written by C. O. Finley dated December 14, 1934, April 7, 1935, September 20, 1935, and April 22, 1936. Other allegations in this supplemental petition are to the effect that by reason of the foregoing promises and representations plaintiff withheld filing suit on the indebtedness and reducing same to judgment, but that defendants had failed and refused and now

fail and refuse to pay said indebtedness to plaintiff's damage as alleged in his original petition.

April 17, 1939, O. Z. Finley filed an answer to the second supplemental petition setting up the following: a general demurrer thereto, a special exception to the effect that the matters therein pleaded are irrelevant and immaterial and of no binding force or effect. To that portion of the second supplemental petition pleading the letters of O. Z. Finley dated December 17, 1934, April 11, 1935, December 10, 1935, and April 26, 1936, and to the allegations in connection with said letters, O. Z. Finley specially excepted upon the ground that "said allegations last quoted are indefinite, present but the conclusion of the pleader, while the letters referred to are of themselves entirely insufficient to toll the statute of limitation, or to permit recovery herein." He further denied generally the allegations in said second supplemental petition and specially pleaded the four-year statute of limitation.

On April 17, 1939, C. O. Finley filed a like answer to the second supplemental petition. His special exception and plea of limitation being directed against the letters written by him set up in the second supplemental petition.

On April 17, 1939, the court overruled all of the exceptions of the defendants to the plaintiff's pleadings, to which the defendants each excepted. On the same date the case was tried without a jury, and judgment rendered denying the plaintiff any relief.

Upon the trial plaintiff introduced in evidence the note in question and letters written by O. Z. Finley to Brickley dated December 17, 1934, April 11, 1935, December 10, 1935, and December 14, 1934; letters of C. O. Finley to Brickley dated April 7, 1935, September 20, 1935, and April 22, 1936. It was further shown that the letters above mentioned were written in regard to the defendants' note.

In support of the judgment of the trial court the appellees submit three propositions which read:

"1. Appellant's original petition seeking judgment upon a note barred by limitation, standing in the record unamended, would not support judgment upon a new promise to pay, if such an unconditional new promise existed (set out in supplemental petition), and the trial court properly entered

judgment against appellant herein for the reason his pleadings would not support judgment.

"2. If the supplemental petition herein should be construed in aid of and as an amendment to the original petition, there would be no proper pleadings sufficient to support judgment for appellant, in that the letters set out in the supplemental petition were plead in explanation of the note sued upon and therein the letters set out were not made the basis of the cause of action, but the cause of action remained upon the note barred by limitation."

"3. The letters written by appellees, if properly plead and if properly received in evidence, were qualified promises to pay and conditioned upon appellees' ability in the future to pay. And there being no pleading or proof as to the fulfillment of the conditions and circumstances which would permit appellees to pay the note sued upon, the trial court properly decided in favor of appellees."

We think appellees' first proposition amounts to this: That where a cause of action stated in the original petition is founded on a debt evidenced by a note barred by limitation, that a judgment founded on a cause·of action asserted in a supplemental petition on a subsequent written promise to pay such debt is not sustained by the pleading.

■ It is clear that it is not the function of a supplemental petition to state a cause of action. Its proper function is a reply to special matters of defense urged in the answer. Coles v. Kelsey, 2 Tex. 541, 542, 47 Am.Dec. 661; Cotulla v. Urbahn, 104 Tex. 208,.135 S.W. 1159, 34 L. R.A.,N.S., 345, Ann.Cas.1914B, 217.

Here exceptions were urged to the cause of action asserted in the supplemental petition, but the objection was not raised, we think, that plaintiff, by his supplemental petition, could not, or, perhaps,.rather, should not, assert a cause of action. Appellees' proposition that the original petition did not declare on a written promise to pay the debt evidenced by the note, or the note, is perhaps correct. All the allegations that might be considered to have a bearing on this matter in the original petition have been hereinbefore set forth. We will assume, without specifically deciding, that appellant's position in this respect is well taken. Canon v. Stanley, Tex.Civ.App., 100 S.W.2d 377.

The original petition, taken in connection with the second· supplemental petition, does undertake to declare upon the various written promises set forth in the said supplemental petition.

■ As has been stated, this is not the best pleading or the proper way to plead. However, the objection was not urged by specific exception. In such a case, in our opinion, the supplemental petition and original petition may be considered together. Stoker v. Patton, Tex.Civ.App., 35 S.W. 64, writ denied.

■ Unless the action is founded on a new promise, the action of the trial court was clearly correct. It is elementary that where a debt is barred by limitation and a written acknowledgment coupled with a promise to pay is relied upon, that such new contract is the cause of action. The old debt is sufficient consideration, however, for the new promise.

Appellees assert that the letters introduced and relied upon by appellant were qualified or conditional promises to pay, conditioned upon appellees' ability in the future to pay. If the letters are each properly construed as asserted by appellees, the judgment of the trial court is correct. There was no evidence introduced showing the existence of any of the special conditions asserted by appellees to condition the promise of payment. Unless, inherently and intrinsically, the letters amount to an acknowledgment of the debt, and an unconditional express or implied promise to pay same, the judgment is correct.

Although it will somewhat lengthen this opinion, we see no way to intelligently consider the matters involved without setting out in full the letters relied upon. Their proper construction is determinative of this case on its merits.

On December 17, 1934, defendant O. Z. Finley wrote appellant Brickley, as follows:

"Your Christmas Greetings just received of Dec. 12th.

"Brickley I wrote you some time back it would be impossible for me to pay you anything this Fall. The man I was in with fell down and I have to pay all the bill.

"I could talk to you much better than I can write. I have spent many a month at labor paying interest on that note and

I will some day pay the note, but I can't do so now.

"And if you think a judgment will help you any I grant same to you.

"Wishing you health and success, a Merry Christmas & a Happy New Year."

On April 11, 1935, as follows:

"I feel that the action on the reverse side of this letter is unjust. I told you I would pay you. I have paid double the face of the note all ready by day labor.

"Now you want to add more.

"I will pay this note as soon as I possibly can.

"I haven't one dollar that I can send you now, nor I won't have under a year."

On December 10, 1935, as follows:

"Your letter and blank note received. Inclosed find signed note.

"I can't sent any money because I have none. I haven't bought a shirt, pair of socks, in over two years. I bought one 75¢ tie and two 10¢ ties in the past two years. You ought to know me well enough to know if I had the money I would pay this note up.

"Brickley I never collected a nickel interest in my life.

"Jim Lopez, Jose Carrasco and Jose Molissa on the old Harrison farm owe me as follows

　　　Jim Lopez $250.00
　　　Jose Carrasco 125.00
　　　Jose Molissa 150

"All you can get out of them you can have.

"I am going to pay that note just as soon as I can. Have paid much more interest than the note itself.

"Best of wishes in your new location."

On April 26, 1936, as follows:

"Your letter just received and read. Am sorry to report I can't send you any money. Why, because I have none, not one dollar.

"It looks to me you should know me well enough to know when I get the money I am going to pay you. I am doing all a human can do, and looks like am looked down on because I can't do more.

"My conscience is clear. I can't do more.

"Best of wishes to yourself and the bank."

Defendant C. O. Finley, on December 14, 1934, wrote Brickley as follows:

"I have your letter of the 12th and note all you say about payment on note. If it had been possible for me to have done so I would have complied to your request in your previous letter.

"I wish I could do so but I do not have it nor do I have any way to get it.

"I am very sorry that you feel compelled to file suit and take judgment on this note for you will be at the expense of doing so and it will not do you one dollars worth of good for I do not have one dollar of property outside of my home here in Pecos.

"By holding a judgment over me here you will just handy cap me that much in trying to ever do anything, and can't be worth a dollar to you unless I can make it. If I am fortunate enough to make a dollar any more I will be glad to pay you every cent of the note.

"Thanking you for carrying this so long for us, I am."

On April 7, 1935, as follows: "I have a letter from your attorney, Jno. E. Hall. Please see my reply to him. I am sorry that you are going to this expense as it can't possibly get you one dollar and will only handy cap me in trying to make anything in the future."

On October 20, 1935, as follows:

"Received your letter of Aug. 30th and should have answered sooner but have delayed thinking possibly something would help me to make you a better offer but I find no way to do better. It is the only chance for me to raise a dollar for you. It is useless to request of me to make any payment or keep up the inst. There is no use for me to promise it. I do not have it.

"My only reason in asking my Mother for this loan was to try to get the debt settled.

"I certainly hate to be sued and have a judgment hanging over me but I am helpless to prevent it if you must have it."

On April 22, 1936, as follows:

"I have your letter of the 20th answering. I would rather give up all my hair than to have a judgment hanging over me, but I am not in shape now to make you any offer Mr. Brickley for I do not have anything to offer.

"A year or two ago I offered to turn over to you $200.00 pension vouchers of my Mothers but now she is 92 years old and may need what little she has to put her away any time. I am afraid to try to borrow it from her.

"O. Z. was here over night about a month ago and as I remember he told me he had made you a new note.

"His address is Del Rio, Tex.

"I have a good friend living in Kansas City that I owe $2500.00 that has gotten in bad shape financially that is asking me to pay him $5.00 per month but I can't do it now as I am paying out one debt now 5.00 per month. I want to pay every dollar I owe and did pay you as long as I had it and if you will let me alone I will pay you when I can make it, but I do not want a judgment hanging over me and can't see where you will ever gain anything by suing me."

■ It is conceded that all the letters above copied, written by each defendant, refer to the notes sued on in the original petition. Further, it cannot be validly contended, with one possibile exception, that same are not written acknowledgments of the justness of the appellant's claim. The mere written acknowledgment of the justness of the claim is sufficient to imply a promise to pay same. Elsby v. Luna, Tex.Com.App., 15 S.W.2d 604.

This proposition is, however, subject to this limitation, we think: that if, in the written acknowledgment, the promise to pay is coupled with a condition, such condition must be shown to be fulfilled before a cause of action accrues on the acknowledgment and the new promise. Coles v. Kelsey, supra; Webber v. Cochrane, 4 Tex. 31; Smith v. Fly, 24 Tex. 345, 353, 76 Am.Dec. 109; Krueger v. Krueger, 76 Tex. 178, 12 S.W. 1004, 7 L.R.A. 72.

■ In Lange v. Carothers, 70 Tex. 718, 8 S.W. 604, 605, taken with the context, the expression, "I will, if I am ever able, pay you; but the prospects are gloomy now," was held to be a conditional promise. A showing that the defendants had, subsequent thereto, funds sufficient to have made a payment, a fulfillment of the condition. A promise in substance to pay "as soon as I am able," has been held to be a conditional promise. Salinas v. Wright, 11 Tex. 572; Rowlett v. Lane, 43 Tex. 274; Wright v. Farmers' Nat. Bank, 31 Tex.Civ.App. 406, 72 S.W.

103; Glass v. Adoue & Lobit, 39 Tex.Civ. App. 21, 86 S.W. 798.

In the letter first herein copied, December 17, 1934, this expression occurs: "I will some day pay the note, but I can't do so now." Taken with the entire letter we are inclined to the opinion that this is an unconditional promise to pay. Howard & Hume v. Windom, 86 Tex. 560, 26 S.W. 483.

■ The second letter, April 11, 1935, is clearly a conditional promise to pay "as soon as able."

The third letter, December 10, 1935, is, we think, when considered as a whole, a conditional promise.

The fourth letter, April 26, 1936, "when I get the money I am going to pay you," amounts to a promise to pay when able.

We pass now to the letters written by defendant C. O. Finley.

The first letter, December 14, 1934, contains this expression: "If I am fortunate enough to make a dollar any more, I will be glad to pay you every cent of the note." This expression, we think, amounts only to a promise to pay if he is ever able.

The second letter, April 7, 1935, constitutes neither an acknowledgment of the justness of the debt nor a promise to pay.

The third letter, October 20, 1935, while an admission of the justness of the debt, is in effect a statement that he declines to make any promise of payment.

The fourth letter, April 22, 1936, constitutes an admission of the debt, but as to the promise to pay this expression is used: "I will pay when I can make it." This, too, we think is tantamount to the expression "when I am able."

We do not think that our construction in any way conflicts with the reasoning in Elsby v. Luna, supra. In the opinion Judge Critz sets forth the letters, and we believe a comparison will readily distinguish that case from the instant case. In that case not a single unfulfilled condition as to payment was coupled with an acknowledgment of the debt. Likewise, we think our construction is in harmony with Howard & Hume v. Windom, supra.

■ We do not feel entirely sure as to the correctness of our interpretation of the letter of December 17, 1934, written by defendant O. Z. Finley to plaintiff. We have set forth the allegations of plaintiff's original petition with reference to

a new promise. This letter, in our opinion, is not comprehended in the quoted allegation. If it does amount to an unconditional acknowledgment, and the promise to pay is unconditional, we think that same is barred by limitation. Plaintiff's original petition was filed December 13, 1938. Plaintiff's second supplemental petition was filed April 17, 1939. This was more than four years after such alleged new promise was made. It is, as has been stated, elementary that the new promise is the new cause of action. Hall v. Jennings, Tex.Civ.App., 104 S.W. 489, writ denied.

Article 5539b, Vernon's Annotated Civil Statutes, requires that the pleading embrace the cause of action before it is immune to the plea of limitation. The new promise alleged to be evidenced by this letter was not embraced in any prior pleading until same was asserted in the supplemental petition. It was a ground of liability and a cause of action in itself. Coles v. Kelsey, supra; Cain v. Bonner, 108 Tex. 399, 194 S.W. 1098, 3 A.L.R. 874; White v. Stewart, Tex.Civ.App., 19 S.W.2d 795.

It was in and of itself a new, distinct, different transaction and occurrence. It is entirely independent of the other new promises relied upon.

In our opinion no reversible error appears in the record.

It is ordered that the judgment be affirmed.

On Rehearing.

HIGGINS, Justice.

In the original opinion, in referring to the third letter written by C. O. Finley, it is stated the letter is dated October 20, 1935. The date is not correctly stated. The true date of that letter is September 20, 1935, as shown by plaintiff's second supplemental petition and the note as it appears in the statement of facts. With reference to this letter we desire to briefly comment further.

Assuming that it constitutes an acknowledgment of the justness of the debt, nevertheless, the letter contains this statement: "There is no use for me to promise it." Ordinarily, the law implies a promise to pay where the debtor, in writing, acknowledges the justness of the claim. But in our opinion a promise to pay cannot be properly implied from a mere admission of the justness of the debt where the writing in question contains an express

refusal to promise payment. In the letter mentioned, by the sentence quoted, C. O. Finley in effect expressly refused to promise payment, and in the face of that express refusal we are of the opinion it is insufficient to imply a promise to pay.

The motion for rehearing should be overruled, and it is so ordered.