**AMERICAN SURETY CO. OF NEW YORK
v. HUGHES.
No. 11661.**

Court of Civil Appeals of Texas. Galveston.
Jan. 11, 1945.

Rehearing Denied Feb. 1, 1945.

A. D. Dyess, of Houston, for appellant.

Cole, Patterson, Cole & McDaniel, of Houston (J. W. McDaniel and Robert L. Cole, Sr., both of Houston, of counsel), for appellee.

MONTEITH, Chief Justice.

This suit was brought by appellant, American Surety Company of New York, for the recovery of certain sums alleged to have been paid by it for the account of appellee, W. R. Hughes, and for attorney's fees. In addition to the usual allegations for the recovery of the amounts alleged to be due, appellant pleaded an express and implied agreement in writing by appellee for an extension of the due date of the indebtedness and alleged that, by reason thereof, appellant was lulled into foregoing the immediate filing of suit on said indebtedness and that thereby appellee was estopped to plead the statutes of limitation.

Appellee answered by exceptions and a general denial. He specially pleaded the two and four year statutes of limitation.

It was stipulated by the parties that on or about December 5, 1932, appellant had paid the sum of $1,836.94 for the account of appellee and that it was entitled to recover said sum and a reasonable attorney's fee of $300 from appellee if its cause of action was not barred by either the two or the four year statutes of limitations. It was stipulated, however, that appellant's cause of action was, in fact, barred by limitations unless it was saved by the following letter written by appellant's agent, A. W. Penn, to appellee and appellee's notation in his own handwriting and signed by him made at the bottom of said letter.

"Room 915–917
"Littlefield Building
"100 East 6th Street
"Telephone Dial 6292
"Austin, Texas
"April 18, 1939
"SS—137991 et al.
"Hughes & Everett, Inc.
"Hughes Engineering Company
"To City of Fort Worth, Texas.

"Mr. W. R. Hughes
"C/o W. F. Warfield & Co.
"2701 Texas Avenue
"Houston, Texas
"Dear Sir:

"The last time I conferred with you in Houston concerning our claim against you in the sum of $1836.94, you stated that you would start making payments on the account during the fall of 1938.

"We have received no payment from you and the Home Office is not satisfied with the status of the matter.

"Can you not make a substantial payment at this time? We would like to get a payment from you not later than the 25th instant, and hope to hear from you by that date.

"Very truly yours,

[s] A. W. Penn

"(SCL)　　　A. W. Penn, Inspector"

(Handwriting)

"I am not in position to pay anything on this at present as I am only working on a salary. Sometime this year I hope to do better.

"[s]　W. R. Hughes."

In a trial before the court judgment was rendered that appellant was not entitled to recover "on account of the limitation statutes expressly plead" by appellee.

The sole question presented in the appeal is whether the letter written by appellant's agent to appellee and appellee's notation thereon was a sufficient "acknowledgment in writing" of appellant's claim, under Article 5539, Revised Statutes of 1925, to render the two and four year statutes of limitation inapplicable to appellant's cause of action.

Article 5539, R.S.1925, reads: "When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby."

■ In construing said Article 5539, the Supreme Court of this state has laid down the rule that the evil said article sought to remedy was "to prevent demands originally invalid, or which had been discharged, from being enforced after such a lapse of time as would probably make it impossible for defendants to procure the evidence by which a just defense could be established. The reason for the statute no longer exists when the defendant, within a short time before the bringing of the suit, has acknowledged the justness of the demand." Howard et al., Adm'rs, v. Windom, 86 Tex. 560, 26 S.W. 483, 485. And if the writing acknowledges the justness of the claim, the acknowledgment imports (1) an admission that the claim is a subsisting debt and (2) a promise to pay it, if unaccompanied by any circumstances repelling the presumption of willingness or intention to pay. Webber v. Cochrane, 4 Tex. 31; Howard et al. v. Windom, supra; York v.

Hughes, Tex.Com.App., 286 S.W. 165; Stein v. Hamman et al., 118 Tex. 16, 6 S. W.2d 352; 118 Tex. 16, 9 S.W.2d 1104; Elsby v. Luna et ux., Tex.Com.App., 15 S.W.2d 604; 26 Texas Digest, Limitation of Actions, ☞148(2). For example, a promise to pay may be inferred from a writing in which the writer asks his creditor's indulgence, promises to remit a portion of the indebtedness, or from a writing in which he requests his creditor's forbearance until he is able to raise the money. 28 Tex.Jur. p. 259, § 161; Hanley v. Oil Capital Broadcasting Ass'n et al., 141 Tex. 243, 171 S.W.2d 864.

■ In the instant case, at the time appellee made the notation on the bottom of the Penn letter, he had before him the contents of the letter which stated the amount claimed by appellant to be due on said indebtedness and called appellee's attention to the fact that he had, on a previous occasion, promised to start making payments on said account during the fall of 1938. The notation is written by appellee in his own handwriting on the bottom of the Penn letter and is in direct reply to appellant's request that he make a substantial payment on the amount claimed in the letter to be due at that time. In the notation appellee recognizes, in effect, the justness of appellant's claim and states that, while he has not been in position to pay anything on the claim on account of the fact that he was working on a salary, he hopes sometime that year to do better. There is certainly nothing in the letter which can be construed as an expression of unwillingness or lack of intention on appellee's part to pay the claim, and we think that the notation, construed in connection with the letter, clearly imports a promise by appellee to pay appellant's claim in accordance therewith and that it constitutes a sufficient acknowledgment of the justness of appellant's claim to take it out of the operation of said Article 5539.

If we are correct in this holding, then, under the stipulation of the parties, appellant was entitled to recover its debt in the sum of $1,836.94 and reasonable attorney's fees in the stipulated sum of $300.

It follows that the judgment of the trial court must be reversed and here rendered in favor of appellant for the amount of appellant's claim and attorney's fees sued for, aggregating the sum of $2,136.94.

Reversed and rendered.