**MILLER v. THOMAS.**

No. 6016.

Court of Civil Appeals of Texas. Amarillo.

Dec. 12, 1949.

Rehearing Denied Jan. 16, 1950.

Riley Strickland, Amarillo, for appellant.

Underwood, Wilson, Sutton, Heare & Boyce and C. A. Stein, Amarillo, for appellee.

PITTS, Chief Justice.

This is a suit on a note together with a letter of transmittal of the note, alleging a commitment made in the said letter that had the effect of tolling the statute of limitations on the note. Appellant, Edith Miller, filed suit on October 15, 1948, against appellee, M. S. Thomas, alleging that appellee executed a promissory note of date October 15, 1930, for the sum of $7,266.20, payable on or before six years thereafter to appellant with interest thereon and containing the usual attorney fee clause. Appellant further alleged that, although the face of the note reveals that the same was long past due, a letter of transmittal of the said note signed by appellee "had the effect to extend the maturity of the note until defendant could make some money so he could pay it." Appellant pleaded further that the note sued on was a renewal note given for one-half of a former note previously executed jointly by appellee and one John F. Driggers payable to appellant's mother, who gave the original obligation here sued on to appellant and the said renewal note was therefore made payable to appellant. Appellant further pleaded that appellee became financially able to pay the obligation in the year of 1945 but had failed and refused to pay any part thereof although often requested to pay the same. She sued for the face of the note, together with interest and attorney fees aggregating the sum of $13,967.69.

Appellee interposed a special exception in bar of the alleged cause of action charging that appellant's allegations show on the face thereof that the alleged indebtedness was barred by the four year statute of limitations whether she is relying on the face of the note, the letter of both for recovery. The trial court heard and considered the pleadings and argument of counsel and sustained appellee's special exception. Appellant declined to amend her pleadings and the cause was dismissed by order of the trial court, from which order appellant perfected her appeal. The controlling issue to be determined here is whether or not the letter pleaded by appellant had the effect on its face of extending the maturity date of the note in question so as to support an alleged cause of action filed thereon twelve years after the maturity date of the said note.

Appellant predicates her appeal upon five points of error, which are challenged by appellee on the grounds that they do not charge errors of the trial court but

present mere abstractions in violation of the provisions of Rule 418, Texas Rules of Civil Procedure. Appellee's challenge is not wholly without merit. Appellant's first point of error merely asserts that: "Contemporaneous instruments whereby a single transaction is consummated are to be taken and construed together to determine the true intent of the parties." His second point of error asserts that: "A conditional promise to pay a debt does not take effect until the condition has been complied with, or the event has happened at which time the cause of action accrues." Appellant's other points of error are also mere abstractions similarily presented. It is sometimes difficult to transform such legal abstractions into points of error for consideration. However this court will, in accordance with its previous custom, again indulge a liberal interpretation of the rules in favor of the sufficiency of appellant's brief and give effect thereto since we can ascertain therefrom the controlling issue to be determined.

■ The contents of the letter of transmittal pleaded by appellant is as follows:

"You spoke about your mother leasing a ranch for John and me. We can get cattle and could lease a ranch if we had a little help. I prefer to just sign the one Note. I don't think I can pay the interest annually. I know I can't next year. I think they've been extra nice to John and me and I certainly appreciate it. I'm sure the old notes are out of date and I'm glad to get this fixed up. I know that we owe them and I want to pay it. I sure hope that your mother lives long enough to see John and me make some money so we can pay her. I saw Will one day last week. He had just come in from Kansas.

"Both of you come to see us whenever you can. Answer.

"Your Friend
"M. S. Thomas"

As pleaded the letter is not addressed to anybody and does not bear a date. However, obviously the letter was written and addressed to appellant, who pleaded that the letter was written to her "soon after the execution of the said note" and that it was a letter of transmittal of the note to her by appellee. Appellant also pleaded that her mother, Mary A. Miller, had previously financed a ranch operation for appellee and John F. Driggers, a brother-in-law of appellant, and that the original note was executed as a result of those transactions. She further pleaded that appellee induced her mother, Mary A. Miller, to permit him to make a renewal note for one-half of the original note, which was done and Mary A. Miller then gave the obligation to her daughter, appellant, who was made the payee in the note here sued on.

Obviously appellee made reference to the transactions previously had with appellant's mother in the letter. He expressed his appreciation in the letter for the consideration appellant's mother had shown him and John, using a plural pronoun "they've", obviously referring to Mary A. Miller and somebody else, other than appellant, who must have been connected with the previous transactions. He further said he was sure the old "notes" were out of date, referring to previous notes, and there using a plural term. He said he was glad to get this fixed up, obviously referring to past transactions. He further said "I know that we (plural pronoun) owe them (plural pronoun) and I want to pay it." He further said "I sure hope that your mother lives long enough to see John and me make money so we can pay her," but he expresses no concern in such a statement about being able to pay appellant or about liquidating the note attached thereto payable to appellant. Appellee expresses his concern about appellant's mother in the letter of transmittal and about meeting any obligations he may owe her but he expresses no particular concern about appellant and makes no commitments to her in the said letter. Assuming that the clause, "I want to pay it" used in the letter, refers to the note attached thereto, such cannot be construed to mean anything other than he wanted to pay it on or before its maturity date. Considering all of the said sentence, or the last part of it alone, following the plural terms therein used, it could not have the effect of extending the maturity date of the note sued on. Giving the language of the letter the most lib-

eral construction possible, there is no promise made by appellee, conditionally or otherwise, to liquidate the note attached thereto at any time other than in accordance with the terms expressed in the said note. It is our opinion that the letter does not contain any language that can be reasonably construed so as to have the effect of extending the maturity date of the note attached hereto made payable to appellant beyond the maturity date therein expressed or until appellee "could make some money so he could pay it", using the language of the pleader, which is not the exact language found in the letter in which appellee expressed a hope that they may be able to "pay her", meaning appellant's mother.

In support of her contentions appellant relies on cited cases in which letters had been written after the execution of the note and in cases in which partial payments had been made on the obligation and promises made of further payments, or in which the note was past due or past due and barred by the statute of limitations at the time the letters were written. She has cited some cases in which letters were written acknowledging the obligation and making promises to pay, which had the effect of extending maturity dates of payment and were binding under the provisions of Article 5539, Vernon's Ann.Civ.St. and the cases construing the provisions of the said Article. It is our opinion that the authorities cited by appellant do not apply to the facts pleaded by her in the case at bar.

██ The rule is well established that a subsequent unqualified acknowledgment in writing of an existing debt implies a promise to pay it, and such is sufficient to toll the statute of limitations unless the acknowledgment be accompanied by some expressions indicative of an unwillingness to pay. But the statutes contemplate an unequivocal acknowledgment of the indebtedness in writing after it is past due or an unqualified promise to pay it before such will toll the statute of limitations. It must also be observed that the statute of limitations is construed liberally in favor of debtors and that vague expressions must not be

tortured into acknowledgments or promises such as would toll the statute of limitations when the language actually used and considered is not clearly subject to such construction. Starr v. Ferguson, 140 Tex. 80, 166 S.W.2d 130; Metropolitan Casualty Ins. Co. of New York v. Davis, Tex.Civ.App., 174 S.W.2d 84; Windom v. Howard, 86 Tex. 560, 26 S.W. 483; Standard Surety & Casualty Co. v. Wynn, Tex. Civ.App., 172 S.W.2d 789.

It is our opinion that the letter pleaded by appellant does not extend the maturity of the note sued on and that the trial court properly so held. It is our opinion further that the trial court was justified in dismissing the alleged cause of action when appellant failed and refused to amend her pleadings. Appellant's points to the contrary are overruled and the judgment of the trial court is affirmed.