CALIFORNIA CHEMICAL COMPANY,
Appellant,

v.

Floyd E. SASSER, Appellee.

No. 354.

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 28, 1967.

Walter M. Kelly, McAllen, for appellant.

Travis Hiester, of Kelley, Looney, Mc-Lean & Littleton, Edinburg, for appellee.

## OPINION

SHARPE, Justice.

This is a suit on a sworn account instituted by appellant, a corporation, seeking recovery of $8,454.85 for goods, wares, chemicals and fertilizers allegedly sold and delivered to appellee, and $3,500.00 for attorneys fees. After non-jury trial the lower court rendered judgment that appellant take nothing by its suit. Findings of fact and conclusions of law were not requested nor filed.

Appellee filed original answer which included a special exception and a plea in bar based upon the two year statute of limitations, and, also, a proper sworn denial of the account. Appellant then amended its petition to allege that appellee had acknowledged the alleged account in writing. Appellee by amended answer reasserted the same defenses of sworn denial and limitation. Appellant's alleged account was based upon transactions between July 10, 1962 and January 22, 1963. The letter of alleged acknowledgment relied on by appellant is dated September 26, 1963. This suit was filed on May 14, 1966.

Appellant's first three points assert that the trial court erred in failing to find (1) that appellant was entitled to judgment on the account as proved, (2) that appellee had acknowledged the debt sued upon in writing, (3) that appellee offered to pay the debt sued upon in writing. Appellant's fourth point contends that the trial court erred in finding that the debt sued upon was barred by the two year statute of limitations.

We will first consider appellant's point one along with appellee's counterpoint one which asserts that the trial court correctly held that appellant failed to discharge its burden of proof in establishing the existence of an account.

Appellant's evidence consisted of the testimony of two witnesses and certain exhibits. Appellee did not offer evidence. One of appellant's witnesses testified only concerning attorney's fees. The other witness was Mr. Ardis Barnes, appellant's branch sales manager. He identified certain records in the files of appellant, and particularly a number of invoices to appellee. Mr. Barnes testified that he had no personal knowledge of the alleged transactions with appellee and his only knowledge of the account was that reflected by the records in appellant's file. There was no evidence of delivery to appellee of the items described in appellant's invoices; nor was there any evidence of an agreement as to the price of such items or that the prices charged were reasonable, nor that any of the invoices in evidence were ever sent to appellee.

Appellee's sworn denial of the account placed the burden upon appellant to establish each and every item of it by legal and proper evidence. J. E. Earnest & Co. v. Word, 137 Tex. 16, 152 S.W.2d 325 (1941). A recovery by appellant was precluded here because of its failure to produce evidence of delivery to appellee of the merchandise described in the invoices. Texan Man's Shop Inc. v. Nunn-Bush Shoe Company, 401 S.W.2d 716 (Tex.Civ.App., Corpus Christi, 1966, n. w. h.). Appellant's recovery was also precluded by its failure to produce evidence that the prices charged for the goods involved were in accordance with an agreement, or in the absence of agreement, that they were usual, customary or reasonable. Marr v. Craddock, 406 S.W.2d 278 (Tex.Civ.App., Tyler, 1966, n. w. h.); Parker v. Center Grocery Company, 387

S.W.2d 903 (Tex.Civ.App., Tyler, 1965, n. w. h.); Opryshek v. McKesson & Robbins, Inc., 367 S.W.2d 357 (Tex.Civ.App., Dallas, 1963, n. w. h.).

The trial court correctly held that appellant failed to discharge its burden of proof to establish the existence of an account or the liability of appellee to appellant. Appellant's point one is overruled.

The above holding requires affirmance of the judgment. However, it further appears that even if appellant had properly proved its account, the same was barred by the two-year statute of limitation (Art. 5526, Vernon's Ann.Civ.St.) and appellee's letter of September 26, 1963 was not sufficient to remove such bar. We will briefly consider appellant's points two, three and four along with appellee's replies thereto.

■ The letter of September 26, 1963 relied on by appellee to remove the bar of the two-year statute of limitation is not sufficient to do so for several reasons. As copied in the Statement of Facts, said letter reads as follows:

> "SASSER'S COMPLETE FERTILIZ-
> ERS SEEDS * * * INSECTI-
> CIDES
> EDINBURG—DU 3-4544
> September 26, 1963
> Mr. F. X. Vaughn
> District Manager
> California Chemical Co.
> Dear Sir:
> I appreciate your leniency on my account, which was caused by our unfortunate experience with Wesrten Land and cattle Company. As you are well aware we hold a judgement against them but to date We have not been able to collect anything. Yesterday we engaged new attorneys and hope to find something to levy on.
> I can assure you that anything that I collect will be paid promptly to you. I have no other income except this store and due to the short crops in the valley this year I am barely making operating

expenses and do not see how I can pay or promise anything at this time.
> If you would care to contact Elick & Barnes Attorneys in the First National Bank at McAllen, Texas they will keep you informed of our progress on collecting the amount due us from Western. After I pay them there will not be enough to pay you completely but maybe we can reduce the amount enough till I can pay the rest out of my business. Thank you.
> yours respectfully
> /s/ Floyd E. Sasser
> Floyd E. Sasser
> (Stamp) RJB SEP 30 1963"

■ There was no evidence to show that the account sued on by appellant was the same one referred to in the letter of September 26, 1963. In the absence of findings of fact there is an implied finding of the trial court that the account which is the subject matter of this suit was not the one referred to in said writing.

■ It further appears that even if the said writing did refer to the account sued on by appellant, it was insufficient to imply a promise to pay the same. Appellee's letters contains the statement, at the end of the second paragraph thereof, that "I am barely making operating expenses and do not see how I can pay or promise anything at this time." A similar situation was before the court in the case of Brickley v. Finley, 143 S.W.2d 433 (Tex.Civ.App., El Paso, 1940, n. w. h.) wherein the court held as follows:

> "Assuming that it constitutes an acknowledgment of the justness of the debt, nevertheless, the letter contains this statement: 'There is no use for me to promise it.' Ordinarily, the law implies a promise to pay where the debtor, in writing, acknowledges the justness of the claim. But in our opinion a promise to pay cannot be properly implied from a mere admission of the justness of the debt where the writing in question con-

tains an express refusal to promise payment. In the letter mentioned, by the sentence quoted, C. O. Finley in effect expressly refused to promise payment, and in the face of that express refusal we are of the opinion it is insufficient to imply a promise to pay."

In Miller v. Thomas, 226 S.W.2d 149 (Tex.Civ.App., Amarillo, 1949, wr. ref.) the court said:

" * * * It must also be observed that the statute of limitations is construed liberally in favor of debtors and that vague expressions must not be tortured into acknowledgments or promises such as would toll the statute of limitations when the language actually used and considered is not clearly subject to such construction. Starr v. Ferguson, 140 Tex. 80, 166 S.W.2d 130; Metropolitan Casualty Ins. Co. of New York v. Davis, Tex.Civ. App., 174 S.W.2d 84; Windom v. Howard, 86 Tex. 560, 26 S.W. 483; Standard Surety & Casualty Co. v. Wynn, Tex. Civ.App., 172 S.W.2d 789."

The case of American Surety Co. of New York v. Hughes, 185 S.W.2d 235 (Tex. Civ.App., Galveston, 1945, wr. ref.) heavily relied upon by appellant here is distinguishable. In that case the debtor wrote a longhand note at the bottom of the creditor's letter, which letter stated the amount claimed by the creditor, and called attention to the fact that the debtor had theretofore promised to make payments during the fall of 1938. The court pointed out that the debtor's notation was in direct reply to the creditor's request that he make a substantial payment on the amount claimed due at that time; and that the notation construed with the letter imported a promise by the debtor to pay the claim. The court held that there was a sufficient acknowledgment to remove the bar of limitation.

Here, we do not believe that appellee's letter of September 26, 1963 can be construed so as to imply a promise to pay in view of his expressed intention not to make such a promise. Brickley v. Finley, supra; Miller v. Thomas, supra.

█ It further appears that even if appellee's letter of September 26, 1963 can be construed as containing a promise to pay appellant's debt, that the same was made subject to certain conditions not shown to have been fulfilled.

In York v. Hughes, 286 S.W. 165 (Tex. Com.App.1926), the court held as follows:

" * * * An unqualified and unequivocal acknowledgment in writing on the part of the debtor, of the existence of the indebtedness, unaccompanied by expressions indicating an unwillingness to pay same, will raise the implication of a new promise to pay the indebtedness. But if the acknowledgment of the existence of the indebtedness be qualified by an expressed promise to pay same conditionally, a promise different from the one so expressed will not be implied. In such a case the fulfillment of the named condition becomes a prerequisite to the debtor's liability on the new promise. Salinas v. Wright, 11 Tex. 572; McDonald v. Grey, 29 Tex. 80; Webber v. Cochrane, 4 Tex. 31; Smith v. Fly, 24 Tex. 354, 76 Am. Dec. 109; Mitchell v. Clay, 8 Tex. 443; Coles v. Kelsey, 2 Tex. 541, 556, 47 Am. Dec. 661; Rowlett v. Lane, 43 Tex. 274; Howard v. Windom, 86 Tex. 560, 26 S.W. 483."

In Smallwood v. Melton, 97 S.W.2d 781 (Tex.Civ.App., Ft. Worth, 1936, wr. dism.) the court, quoting from McDonald v. Grey, 29 Tex. 80 (1867), held as follows:

"The terms upon which the debtor predicates his promise or undertaking to pay such a debt are entirely within his own option and discretion, and the creditor can only avail himself of the new promise upon the stipulations with which it is coupled by the debtor; and the burden of showing that this has been done is upon the creditor."

Appellant here did not adduce evidence concerning appellee's collection of all or part of the judgment against Western Land and Cattle Company, nor concerning the financial condition of appellee's business. An analysis of the letter of September 26, 1963 reveals that any statement which might be construed as a promise to pay is conditioned on the collection of money by appellee from his judgment against Western Land and Cattle Company, and that this condition must be fulfilled before appellee would pay money out of his business. Appellant failed to offer evidence that such condition had been fulfilled and therefore would not be entitled to recover on the letter of September 26, 1963 even if considered as a conditional promise to pay appellant's account. York v. Hughes, supra; Smallwood v. Melton, supra.

Appellant's points two, three and four are overruled.

The judgment of the trial court is affirmed.